# CAREY *v.* HOUSTON AND TEXAS CENTRAL RAILWAY COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF TEXAS.

No. 912. Submitted October 23, 1893. — Decided November 13, 1893.

Oral argument is not allowed on motions to dismiss appeals or writs of error.

On motion to dismiss or affirm it is only necessary to print so much of the record as will enable the court to act understandingly without referring to the transcript.

In order to bring an appeal from the judgment of a Circuit Court taken since the Judiciary Act of March 3, 1891, 26 Stat. 826, c. 517, went into effect, within the first of the six classes of cases specified in § 5, of that act, viz., " in any case in which the jurisdiction of the court is in issue," the jurisdiction of the Circuit Court below must have been in issue in the case, and must have been decided against the appellants, and the question of jurisdiction must have been certified; but the court does not now say that the absence of a formal certificate would necessarily be fatal.

The fifth section of that act does not authorize a direct appeal to this court in a suit upon a question involving the jurisdiction of the Circuit Court over another suit previously determined in the same court.

A bill in equity to impeach and set aside a decree of foreclosure of a railroad mortgage, on the ground of fraud, and to prevent the consummation of a scheme for reorganization, is a separate and distinct case from the foreclosure suit, and no question of jurisdiction over that suit, or over the rendition of the decree passed therein, can be availed of to sustain an appeal to this court from a decree of a Circuit Court under the provisions of the first class of the six cases specified in § 5 of the act of March 3, 1891.

In order to hold an appeal from a judgment or decree of a Circuit Court to this court to be maintainable under the fourth class of said section 5, viz., " any case that involves the construction or application of the Constitution of the United States," the construction or application of the Constitution must be involved as controlling, although on the appeal all other questions might be open to determination.

STEPHEN W. CAREY, a citizen of New Jersey, and several other persons, citizens of New York and Great Britain respectively, who sued as stockholders of the Houston and Texas Central Railway Company in their own behalf and in behalf of others similarly situated, filed their bill, December 23, 1889, and an amended bill, March 3, 1890, in the Circuit Court of the United States for the Eastern District of Texas, against the Houston and Texas Central Railway Company (No. 1), the Houston and Texas Central Railroad Company (No. 2), the Central Trust Company of the city of New York, and the Farmers' Loan and Trust Company, corporations organized under the laws of New York, and a number of other corporations and individuals, citizens of Kentucky, Texas, New York, and Louisiana, seeking to vacate and set aside, upon the ground of collusion and fraud, and want of jurisdiction, a decree of foreclosure and sale entered by that

court on May 4, 1888, in certain suits pending therein and consolidated as one suit, to foreclose certain mortgages upon the property of that company, and to enjoin and restrain the defendants from carrying out a certain plan of reorganization, and issuing any stock or securities of the new company incorporated pursuant to such plan.

The amended bill alleged that the Houston and Texas Central Railway Company between July 1, 1866, and April 1, 1881, executed seven mortgages or deeds of trust to different trustees as security for bonds issued by it, and averred that, prior to 1883, the defendant Huntington, who, with his associates, controlled the Southern Development Company, a corporation of California, formed a syndicate with his associates for the purpose of acquiring in his own interest and that of the Southern Development Company the control of the Houston and Texas Central Railway Company, and that, having obtained such control, the rights of the holders of the stock should be effectually shut out and barred, and the absolute control be acquired by the syndicate, so that the railway might be run solely in its interest and that of the Southern Pacific Company. The bill then set up in detail certain proceedings alleged to be fraudulent and collusive, which culminated in the decree complained of and a sale thereunder, and proceeded:

"Complainants further allege that, as they are advised and believe and charge, the said decree was and is absolutely invalid and void and beyond the power of the court to grant; that there was no foundation for said decree or jurisdiction in the court to award it, and that the same was entered by consent and agreement, and without any investigation or adjudication by the court, but was the result of agreement simply, and was procured, as complainants allege on information and belief, by collusion and fraud on the part of said Huntington and his associates and the directors and officers of said Houston and Texas Central Railway Company, and was and is a part of the scheme to acquire possession of said railway in the interest of said Huntington and the said Southern Pacific Company, without regard to the rights or interests of the holders of the stock of said company No. 1, and in direct dis-

regard of the provisions and terms of the mortgages; that the defences interposed that the principal of the mortgages had not become due and that the said railway could not be sold without a sale first of the lands and the other defences interposed were substantially abandoned and withdrawn as part of the said wrongful and fraudulent scheme herein referred to; that the said defences were never submitted to the court for adjudication or determination, nor was evidence heard or offered to sustain the same, but the decree was the result of the agreement which the bondholders had made with the said Southern Pacific Company and Central Trust Company, and the rights of the stockholders were not considered or protected by any of the parties to the record in said cause, nor submitted to the court for adjudication or investigation, nor were the stockholders in any way advised or permitted to be informed of the transaction herein complained of.

"Complainants further allege that, as they are advised and believe, the said decree is void for the further reason that there was and is in the said decree no finding by the court fixing the amount due from the Houston and Texas Central Railway Company (No. 1) under said several mortgages at and prior to the recording of the said decree, and fixing the amount which the said company was required to pay to redeem its franchises, property, and rights from the lien of the said mortgages, nor was there nor has there been any judicial inquiry into that matter, and that the said decree contradicts the provisions of the several mortgages set up in the bills asking foreclosure, and is non-judicial and void."

Further averments followed in relation to the organization of the Houston and Texas Central Railroad Company, designated as No. 2, for the purpose of operating the railroad acquired at the sale, and the intention to issue mortgage bonds and place them upon the market, etc.

The prayer of the bill was that the decree rendered by the court below on May 4, 1888, in the consolidated cause, be vacated and set aside, and adjudged and decreed to be fraudulent, collusive, illegal, and void, and that complainants be permitted to intervene and become parties defendant in said

suit, and to be heard and defend the same; that the sale of the railroad and lands of the Houston and Texas Central Railway Company, No. 1, under said decree be vacated and set aside, and the said railway and lands be restored to the possession of the receivers appointed by the court; that the defendants be enjoined temporarily and perpetually from executing, delivering, or recording any mortgage upon the property of the company referred to in said decree, and from issuing, alienating, or parting with any shares of stock of the new or reorganized Houston and Texas Central Railroad Company, No. 2, or any bonds secured by mortgage upon any property claimed to be possessed by said company, or any stock or bonds issued or intended to be issued pursuant to said reorganization agreement, and for further relief.

The defendants answered, denying the allegations upon which complainants sought to impeach the decree in the foreclosure proceedings against the Houston and Texas Central Railway Company, and in respect of the other transactions referred to in the bill, and asserted the regularity, integrity, and good faith of all the proceedings therein assailed. Replications were filed, and evidence was taken on both sides. An injunction *pendente lite* was moved for and denied. 45 Fed. Rep. 438.

March 15, 1892, the cause was set down for final hearing on the pleadings and proofs, and on November 16, 1892, the Circuit Court entered a final decree dismissing the bill as to all the defendants. The opinion of the court will be found in 52 Fed. Rep. 671. On December 3, 1892, complainants prayed two appeals from this decree, one to this court and one to the Circuit Court of Appeals for the Fifth Judicial Circuit, which appeals were severally allowed. Citations were signed and appeal bonds duly approved and filed, together with an assignment of errors on each appeal.

No question as to the jurisdiction of the Circuit Court was certified to this court by that court for decision, nor was any application made to the Circuit Court for such certificate so far as appeared from the record.

A motion to dismiss the appeal having been made by appel-

lees, appellants objected that the extracts from the record printed by appellees in support of their motion were insuffi--cient for its proper decision, and moved for a postponement of the consideration of the motion and to be allowed to make oral argument.

*Mr. J. Hubley Ashton*, *Mr. Charles H. Tweed*, and *Mr. Adrian H. Joline* for the motion to dismiss.

*Mr. Jefferson Chandler* and *Mr. A. J. Dittenhoefer*, opposing.

I. The extracts from the record, filed by the appellees in support of their motion, show upon their face that vital portions have been omitted essential to be considered by the court in the determination of the merits of the motion. Where the papers upon a motion to dismiss an appeal do not contain the record proper and essential for the consideration of such motion, it will not be entertained. *National Bank* v. *Insurance Co.*, 100 U. S. 43; *Crane Iron Co.* v. *Hoagland*, 108 U. S. 5; *Waterville* v. *Van Slyke*, 115 U. S. 290.

II. If the court determines to entertain the motion to dismiss the appeal upon the extracts from the record, we respectfully submit that that motion cannot prevail.

The question of jurisdiction of the court below is in issue, and is the issue which was decided by the court below against the appellants, and to review which this appeal was taken and allowed. The bill herein was filed to review (in the only way permissible by equity procedure) the jurisdiction of the court to grant a decree under which appellants were divested of their property. The bill directly tendered the issue of the want of jurisdiction in the court to grant the decree attacked. It was claimed, and, as we contend, proven, that the court acted without jurisdiction; that there was not the requisite diversity of citizenship in the parties to the foreclosure suit, as appears on the face of the record; that the decree entered was a consent decree, and not the result of judicial procedure; that no evidence whatever as to the issues raised was taken and no hearing had, and by the terms thereof the mortgages which

were foreclosed were violated, disregarded and overridden, the pleadings in the suit were contradicted, and, as appears from the face of this so-called record and decree, over five million dollars were directed to be paid, not due in any event, and over twenty-one million dollars of debt directed to be paid years before it matured.

The bill herein was aimed at the jurisdiction of the court below to do this. The appellees joined issue with us on this question of jurisdiction by denying that there was want of power in the court to do what it did do.

A bill of review, or a bill in the nature of a bill of review, whose object is to arrest or reverse judicial proceedings for an abuse of judicial power or for defects therein and want of conformity to law by the court in taking such proceedings, or for want of jurisdiction in the court to entertain and carry on proceedings appearing on the face of them to be attacked, puts in issue the grounds of attack made upon such proceedings set up in the bill of review, or bill in the nature of a bill of review; such a bill is a continuation of the proceedings attacked. *Willamette Iron Bridge Co.* v. *Hatch*, 125 U. S. 1; *Krippendorf* v. *Hyde*, 110 U. S. 276; *Dewey* v. *West Fairmont Coal Co.*, 123 U. S. 329; *Johnson* v. *Christian*, 125 U. S. 642; *Pacific Railroad* v. *Missouri Pacific Railway*, 111 U. S. 505.

Such a bill is essentially a writ of error, as its object is to procure an examination and alteration or reversal of the decree made upon the former bill. It may be brought for errors of law appearing upon the face of the decree. It is ground for a bill of review that the decree was not warranted by the allegations in the bill. *Goodhue* v. *Churchman*, 1 Barb. Ch. 596. For the purpose of examining all errors of law on the face of the decree, the bills, answers, and other proceedings are as much a part of the record before the court as the decree itself, for it is only by comparison with the former that the correctness of the latter can be ascertained. *Dexter* v. *Arnold*, 5 Mason, 303; *Hollingsworth* v. *McDonald*, 2 H. & J. 230; *Webb* v. *Pell*, 3 Paige, 368; *Whiting* v. *Bank of the United States*, 13 Pet. 6. And as, in a proceeding to review

a judgment for error of law, when the judgment is reversed an appeal from such judgment of reversal lies, *Keepfer* v. *Force*, 86 Indiana, 81, so an appeal from a judgment on a bill of review will lie wherever an appeal in the original case which it is sought to have reviewed will lie. *Klebar* v. *Corydon*, 80 Indiana, 95.

III. The appellants contend, and, as we claim, the record shows, that they have been deprived of their property without due process of law. The decree attacked was placed upon file by the unlawful consent of the directors of the defendant railway company, and in violation of their trust. The directors had no power or jurisdiction to change the terms of the mortgages involved in the foreclosure proceedings, either by consenting to a decree of foreclosure or by any other action of the board collectively or individually. The record shows that the entire procedure resulting in this so-called decree was non-judicial and without due process of law, and the application of the Constitution is directly involved in this appeal, as appears from the record certified to this court.

IV. There was no jurisdiction in the court below to precipitate the payments of the contracts of the defendant company in advance of their maturity on the ground of the insolvency of the said company.

V. The case has been properly certified to this court and the issue of jurisdiction duly certified.

The form of the certificate in this case is the one, we are advised, that has been adopted in the various Circuits in transmitting records to this court under the act of 1891, including cases where the appeal or writ of error is taken to bring up the questions of jurisdiction. The appeal having been taken and allowed, it becomes the duty of the court below, through its clerk, to certify the record, and by the act of 1891, the court is required only to certify the record showing the issue of jurisdiction. When, therefore, that record is sent to this court with the certificate attached, presumably the court has followed the directions of the act, and has certified what was deemed necessary to review the decision upon the issue of jurisdiction.

In the case of *McLish* v. *Roff*, 141 U. S. 661, cited upon the appellee's brief, the record was certified in the form the record is in this case. In that case it appears also that counsel especially requested the court to make a specific certificate certifying the question of the jurisdiction involved for review by this court. That was denied, and then a writ of error was sued out in the ordinary way, and the record certified as in this case.

The assignment of errors presented to the learned trial judge below, upon which the application for the allowance of this appeal was made, sets forth that the issue of jurisdiction, as well as the application of the Constitution of the United States, was sought to be reviewed by this court on the appeal intended to be taken, and the appeal was allowed by the trial judge, and, as part of the record, the assignment of errors was certified by him through the clerk of the court.

But the improper certification of the record — assuming there be an imperfection — presents no reason for dismissing the appeal. The right to appeal to this court under section 5 of the act of 1891 is absolute where the jurisdiction of the court is in issue, or in any case that involves the application of the Constitution of the United States. The right being absolute, and the appeal having been taken and allowed, it cannot be dismissed because the clerk or court below has not properly certified the record. If the record is not complete, or if the certificate be not in proper form, the remedy is to correct the record or certificate, not to dismiss an appeal which has been properly taken, and to which the appellant is entitled as a matter of right. *United States* v. *Adams*, 6 Wall. 101.

VI. The assertion of appellees that an appeal is now pending in the Circuit Court of Appeals is no ground for dismissing an appeal properly taken to this court.

Appellant's counsel have inquired of every Circuit Court of Appeals in the United States to learn the practice under the circumstances involved in this case, and find no uniform rule yet established in respect of it.

It is respectfully submitted, therefore, that, under any view that may be taken of the case, the appeal herein ought not to be dismissed on this ground,

Mr. Chief Justice Fuller, after stating the case, delivered the opinion of the court.

Oral argument is not allowed on motions to dismiss appeals or writs of error, and we perceive no reason for making an exception to the general rule in the case before us.

On motion to dismiss or affirm it is only necessary to print so much of the record as will enable the court to act understandingly without reference to the transcript. *Walston* v. *Nevin*, 128 U. S. 578. Appellees have printed the original and amended bills; the answers and replications; the opinion of the circuit judge in disposing of the case; the final decree; the two appeals and proceedings thereon; and the assignments of errors in both courts. This was quite sufficient for the purposes of the motion.

The Judiciary Act of March 3, 1891, in distributing the appellate jurisdiction of the national judicial system between the Supreme Court and the Circuit Court of Appeals therein established, designated the classes of cases in respect of which each of these courts was to have final jurisdiction, (the judgments of the latter being subject to the supervisory power of this court through the writ of *certiorari* as provided,) and the act has uniformly been so construed and applied as to promote its general and manifest purpose of lessening the burden of litigation in this court. The fifth section of the act specifies six classes of cases in which appeals or writs of error may be taken directly to this court, of which we are only concerned with the first and fourth, which include those cases "in which the jurisdiction of the court is in issue; in such cases the question of jurisdiction alone shall be certified to the Supreme Court from the court below for decision;" and "any case that involves the construction or application of the Constitution of the United States."

In order to bring this appeal within the first of these classes, the jurisdiction of the Circuit Court must have been in issue in this case, and, as appeals or writs of error lie here only from final judgments or decrees, must have been decided against appellants; and the question of jurisdiction must have

been certified. We do not now say that the absence of a formal certificate would be fatal, but it is required by the statute, and its absence might have controlling weight where the alleged issue is not distinctly defined. This record contains no such certificate, nor was it applied for, nor does it appear that the jurisdiction of the Circuit Court was in issue. Appellants by filing their bill invoked the jurisdiction of the court below over the entire case, the defendants did not contest that jurisdiction, and the court adjudicated accordingly. This is conceded, but it is contended that the question of jurisdiction was in issue because the bill attacked the jurisdiction of the Circuit Court over the foreclosure suit, or its jurisdiction to make the decree of foreclosure and sale of May 4, 1888, passed in that suit. But the fifth section of the act of March 3, 1891, does not authorize a direct appeal to this court in a suit upon a question involving the jurisdiction of the Circuit Court over another suit previously determined in the same court. It is the jurisdiction of the court below over the particular case in which the appeal from the decree therein is prosecuted, that, being in issue and decided against the party raising it and duly certified, justifies such appeal directly to this court. This suit to impeach the decree of May 4, 1888, and to prevent the consummation of the alleged plan of reorganization, was a separate and distinct case, so far as this inquiry is concerned, from the suit to foreclose the mortgages on the railroad property; and no question of jurisdiction over the foreclosure suit or the rendition of the decree passed therein can be availed of to sustain the present appeal from the decree in this proceeding.

The collusion and fraud charged in the institution and conduct of the prior litigation, and in the procurement of the decree against the railway company, and in the other transactions in respect of which relief was sought against the defendants, seem to form the gravamen of the case; but whether the bill be treated as a bill of review, an original bill of the same nature, or an original bill on the ground of fraud, it was a distinct proceeding in which the moving parties were shifted, and the fact that it put in issue the jurisdiction in the proceed-

ings it assailed would not change the appeal from this, into an appeal from the prior decree.

In order to hold this appeal maintainable as within the second of the above-named classes, (the fourth class in the enumeration of the statute,) the construction or application of the Constitution of the United States must be involved as controlling, although on appeal or error all other questions would be open to determination, if inquiry were not rendered unnecessary by the ruling on that arising under the Constitution. *Horner* v. *United States*, 143 U. S. 570.

The bill before us refers to no provision of the Constitution upon which complainants relied to invoke the action of the court in vindication of their supposed rights, or which was presented to be construed or applied by the court. No question upon such construction or application was raised between the parties upon the record, or determined by the decree of the Circuit Court.

It is argued that the record shows that complainants had been deprived of their property without due process of law, by means of the decree attacked, but because the bill alleged irregularities, errors, and jurisdictional defects in the foreclosure proceedings, and fraud in respect thereof and in the subsequent transactions, which might have enabled the railroad company upon a direct appeal to have avoided the decree of sale, or which, if sustained on this bill, might have justified the Circuit Court in setting aside that decree, it does not follow that the construction or application of the Constitution of the United States was involved in the case in the sense of the statute. In passing upon the validity of that decree the Circuit Court decided no question of the construction or the application of the Constitution, and, as we have said, no such question was raised for its consideration. Our conclusion is that the motion to dismiss the appeal must be sustained.

*Appeal dismissed.*