## *In re* LENNON.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE NORTHERN DISTRICT OF OHIO.

No. 925.   Argued November 17, 1893. — Decided November 27, 1893.

The Toledo and Ann Arbor Railway Company, which connected with the
Michigan Southern Railway in the carrying on of interstate commerce,
filed a bill in the Circuit Court to restrain the Michigan Southern from
refusing to receive its cars used in such commerce, and discriminating
against it, on the ground that it employed engineers who were not mem-
bers of the Brotherhood of Locomotive Engineers.  An injunction was
issued, and a few days later the Lake Shore applied for an order of
attachment against some of its employés who had refused to haul cars
and perform service for them, thus hindering them from complying with
the order of the court in respect to the Toledo and Ann Arbor Company.
A rule to show cause was issued, and such proceedings had thereunder
that one of the employés was adjudged guilty of contempt, was fined,
and was ordered to be committed until payment of the fine.  This em-
ployé applied to the Circuit Court for a writ of *habeas corpus.*  The peti-
tion, after setting the facts forth, claimed that the Circuit Court had no
jurisdiction of the cause in which the original order of injunction had
been issued, for reasons stated, and further, that it had no jurisdiction
of the petitioner's person, because he was no party to that suit, and had
not been served with process.   The application was denied and the peti-
tion dismissed, from which judgment the petitioner appealed to this
court.  *Held,*

(1) That while the general right of appeal from the judgments of Circuit
    Courts on *habeas corpus* directly to this court is taken away by the
    act of March 3, 1891, 26 Stat. 826, c. 517, nevertheless, that right
    still exists in the cases designated in section 5 of that act;.

(2) That the jurisdiction of the Circuit Court over the petition for
    *habeas corpus* was not in issue, and was not decided adversely to
    the petitioner, and this appeal therefore did not come within the
    first of the classes named in section 5 of the act of 1891;

(3) That the construction or application of the Constitution was not
    involved, in the sense of the statute, and that the petition did not
    proceed on that theory, but on the ground of want of jurisdiction
    in the prior case over the subject-matter, and in this case over the
    person of the petitioner;

(4) That the appeal must be dismissed.

ON March 11, 1893, the Toledo, Ann Arbor and North
Michigan Railway Company filed its bill of complaint in the

Circuit Court of the United States for the Northern District of Ohio against the Lake Shore and Michigan Southern Railway Company and other railroad companies, which connected with complainant in the carrying on of interstate commerce, charging that it was the duty of defendants under the act of Congress of February 4, 1888, and the amendments thereto, regulating commerce between the States, to afford equal and reasonable facilities for the interchange of traffic with complainant, and to forward cars and freight in the ordinary transaction of its business without discrimination. The bill further averred that the defendant companies had threatened to refuse to receive from complainant cars offered by it, and to deliver to complainant cars billed over its road for transportation to their destination, and that, because complainant had employed as locomotive engineers men who were not members of the Brotherhood of Locomotive Engineers, those in the employment of defendants had refused to handle cars to be interchanged with complainant's railroad; that the defendant companies offered to other companies free interchange of traffic, but refused to transact business with complainant, thereby discriminating illegally against it; and complainant charged that irreparable damage would result if defendants carried out their threats, and prayed for an injunction.

On March 11 an injunction was granted, restraining, among others, the Lake Shore and Michigan Southern Company, its officers, servants, and employés, from refusing to offer and extend to complainant equal facilities for the interchange of traffic on interstate business, and to receive from that company cars billed from points in one State to points in another State, offered by complainant to defendant companies; and to deliver in like manner to complainant cars billed over complainant's line from points in one State to points in other States. March 18, the Lake Shore and Michigan Southern Company filed its application for an order of attachment against certain engineers and firemen in its service, and among them James Lennon, as being in contempt of the restraining order by refusing to haul cars and perform

service, and thereby preventing compliance with that order by the company. A rule to show cause was issued, and such proceedings were thereafter had that Lennon was adjudged guilty of contempt, and ordered to pay a fine of fifty dollars and costs, and stand committed until they should be paid, and, upon his refusal, was committed to the custody of the United States marshal for the Northern District of Ohio, whereupon an application for a writ of *habeas corpus* to release him from such custody was made to the Circuit Court for the Northern District of Ohio.

The petition represented that Lennon was unlawfully held in custody and restrained of his liberty in violation of the Constitution and laws of the United States, under the order of the Circuit Court, which order was made in the cause heretofore referred to, and copies of the bill, the restraining order, the application of the railway company for the attachment, the order to show cause, the order in the matter of contempt, and the evidence on the application for the attachment, in that cause, were annexed as exhibits. The petition then proceeded thus:

" Your petitioner further states and alleges, as he is advised, that the said Circuit Court had no jurisdiction or lawful authority to cause the arrest of your petitioner nor to proceed against him in manner as aforesaid, and that the said pretended order and judgment, whereby your petitioner was committed to the custody of the said marshal and whereby he is held in custody of the said marshal and imprisoned and restrained of his liberty, were and are wholly without authority of law and void.

" Said order was issued in a suit whereof the said Circuit Court had no jurisdiction, because the complainant and one of the defendants were at the time of the filing of the said bill of complaint and ever since have been citizens of the same State, to wit, the State of Michigan, and which did not arise under the Constitution or laws of the United States.

" Said Circuit Court had no jurisdiction of the person of your petitioner, because he was not a party to the said suit, nor was he served with any process of subpœna notifying him

of the same, nor did he have notice of the application made by the complainant for the mandatory injunction, nor was he served by the officers of the court with the said order of injunction, nor did he have any notice whatever of the issuing of the said order of injunction by the Circuit Court, nor of the contents of said order, before the. doing of the acts alleged to have been in contempt of said order.

" Said Circuit Court was also without jurisdiction to make the order aforesaid, because it was beyond the jurisdiction of a court of equity to compel the performance of a personal contract for service, and to interfere by mandatory injunction with the contract by which the Lake Shore and Michigan Southern Railway Company hired your petitioner as its servant."

And the petition concluded with the usual prayer for the writ.

Upon hearing, the application was denied and the petition dismissed, from which order an appeal was prayed, allowed, and perfected to this court, and the Circuit Court then made the following certificate :

" The questions certified to the Supreme Court for its decision are the questions of jurisdiction presented by the petition herein filed, to wit :

" 1. Is the suit in which the order was made one arising under the Constitution or laws of the United States ?

" 2. Did the court have jurisdiction of the person of the petitioner by reason of his having had sufficient notice of the proceedings and orders set out in the petition ?

" 3. Was it beyond the jurisdiction of a court of equity to issue the orders made in said case ? "

The opinions of the Circuit Court upon the motion for an injunction and upon the application for the attachment will be found reported in 54 Fed. Rep. 730, 746.

*Mr. G. M. Barker* and *Mr. Frank H. Hurd* for appellant. *Mr. Walter H. Smith* and *Mr. James H. Southard* were with them on the brief.

*Mr. George Q. Greene*, by leave of court, filed a brief on the part of the Lake Shore and Michigan Southern Railway Company.

Mr. Chief Justice Fuller delivered the opinion of the court.

We had occasion in *Cross* v. *Burke*, 146 U. S. 82, to examine the various statutes in reference to appeals to this court from judgments of Circuit Courts on *habeas corpus*. The question there was whether this court had jurisdiction to review judgments of the Supreme Court of the District of Columbia on *habeas corpus* by reason of section 846 of the Revised Statutes of the District, which provided that final judgments, orders, or decrees of the Supreme Court of the District might be reëxamined or reversed or affirmed by this court upon writ of error or appeal " in the same cases and in like manner as provided by law in reference to the final judgments, orders, or decrees of the Circuit Courts of the United States;" and we held that such an appeal would not lie in view of the provisions of the act of Congress of March 3, 1885, entitled "An act regulating appeals from the Supreme Court of the District of Columbia and the Supreme Courts of the several Territories." 23 Stat. 443, c. 355. That act did not apply to criminal cases, but was applicable to all judgments or decrees in suits at law or in equity in which there was a pecuniary matter in dispute, and inhibited any appeal or writ of error therefrom, except as therein stated; and as a proceeding in *habeas corpus* is a civil and not a criminal proceeding, and the matter in dispute had no money value which could be calculated and ascertained, the conclusion was that we could not entertain jurisdiction. But inasmuch as the final judgments of the Supreme Court of the District could not be reëxamined here except in the same cases and in like manner as the final judgments of the Circuit Courts of the United States, we added that "it may also be noted that under the Judiciary Act of March 3, 1891, 26 Stat. 826, 828, c. 517, § 5, appeals from decrees of Circuit Courts on *habeas corpus* can no longer be taken directly to this court in cases like that at bar, but only in the classes mentioned in the fifth section of that act." This observation indicated another ground upon which the case might have been disposed of, and was not made without consideration.

By the fourth section of the Judiciary Act of March 3, 1891, it was provided that " the review, by appeal, by writ of error, or otherwise, from the existing Circuit Courts shall be had only in the Supreme Court of the United States or in the Circuit Courts of Appeals hereby established, according to the provisions of this act regulating the same." Section five defined the cases in which appeals or writs of error might be taken from the Circuit Courts directly to this court; and by the sixth section the Circuit Courts of Appeals were vested with appellate jurisdiction to review final decisions in the Circuit Courts " in all cases other than those provided for in the preceding section of this act, unless otherwise provided by law." Section fourteen expressly repealed all acts and parts of acts relating to appeals or writs of error inconsistent with sections five and six, and we remarked in *Lau Ow Bew* v. *United States,* 144 U. S. 47, 56, that the words "unless otherwise provided by law " were manifestly inserted in the sixth section " out of abundant caution, in order that any qualification of the jurisdiction by contemporaneous or subsequent acts should not be construed as taking it away except when expressly so provided. Implied repeals were thereby intended to be guarded against. To hold that the words referred to prior laws would defeat the purpose of the act, and be inconsistent with its context and its repealing clause."

By section 763 of the Revised Statutes it was provided that an appeal to the Circuit Court might be taken from decisions on *habeas corpus* in the case of any person alleged to be restrained of his liberty in violation of the Constitution or of any law or treaty of the United States, and in the case of the subjects or citizens of foreign States, committed, confined, or in custody as therein set forth; and by section 764, as amended by act of Congress of March 3, 1885, 23 Stat. 437, c. 353, an appeal to this court from the Circuit Court was provided for. Section 765 referred to the terms, regulations, and orders on and under which appeals should be taken, and section 766 prescribed that, pending the proceedings or appeal " in the cases mentioned in the three preceding sections," and until final judgment therein, and after final judgment of dis-

charge, there could be no valid state proceedings in interference with the same matter. By act of Congress of March 3, 1893, 27 Stat. 751, c. 226, section 766 was amended by adding thereto the following words: "*Provided*, That no such appeal shall be had or allowed after six months from the date of the judgment or order complained of." And it is argued that if sections 763, 764, and 765 had been repealed by the Judiciary Act of March 3, 1891, this amendment would have been meaningless, and that if it had been intended that under that act appeals in *habeas corpus* were to be taken from the Circuit Court to the Circuit Court of Appeals, the limitation of six months prescribed by the amendment would have been unnecessary because that limitation was already provided for in section 12 of the act; and that, therefore, it must be concluded from the amendment that Congress regarded the sections specially providing for appeals on *habeas corpus* as unrepealed by the act of March 3, 1891. We do not concur in this view. While the right of appeal from the judgments of Circuit Courts on *habeas corpus* directly to this court, in all cases, is taken away by the act of March 3, 1891, that right still exists in the cases designated in section 5 of that act, and upon such appeals the amendment may operate.

In *Nishimura Ekiu* v. *United States*, 142 U. S. 651, jurisdiction of an appeal on *habeas corpus* directly from the Circuit Court was taken, as it was in *Horner* v. *United States*, (No. 2,) 143 U. S. 570, upon the ground that the constitutionality of a law of the United States was drawn in question; and this would be so in any case that involves, within the intent and meaning of the statute, the construction or application of the Constitution of the United States, or where the constitution or law of a State was claimed to be in contravention of the Constitution, and the disposition of the case turned upon such constitution or law. These would be cases within the classes enumerated in section 5, but the only one of those classes within which it seems to have been contended, when this appeal was taken, that this case fell, is the first class, which is composed of those cases "in which the jurisdiction of the court is in issue; in such case the question of jurisdic-

tion alone shall be certified from the court below to the Supreme Court for decision." And, allowing the appeal to this court on that ground, the Circuit Court certified certain questions to this court " as questions of jurisdiction presented by the petition herein filed." But these questions relate not to the question of the jurisdiction of the Circuit Court in this matter of *habeas corpus,* but to the jurisdiction of that court in the case of the Toledo, Ann Arbor and North Michigan Railroad Company against the Lake Shore and Michigan Southern Railway Company and others, in which the writ of injunction was issued, and the order fining Lennon for contempt was made.

This is not an application to us to issue the writ of *habeas corpus* in the exercise of appellate jurisdiction, accompanied by a writ of *certiorari* to bring up the record and proceedings of the court below, though even then, the writ is not to be used to perform the office of a writ of error or appeal. *In re Tyler, Petitioner,* 149 U. S. 164. It is a direct appeal from the judgment of the Circuit Court on *habeas corpus,* in reaching which that court considered the questions certified; but the jurisdiction of the Circuit Court over the petition for *habeas corpus* was not in issue, and a decision in respect thereof was not rendered against appellant, but, on the contrary, jurisdiction was entertained.

Granted, as contended, that the jurisdiction to discharge the prisoner in this case depended upon a want of jurisdiction to commit him in the other, yet the jurisdiction invoked by the petitioner was the jurisdiction to remand as well as to discharge, or, in other words, the power to hear and to determine whether he was lawfully held in custody or not.

This appeal, therefore, as ruled in *Carey* v. *Texas and Houston Central Railway, ante,* 170, and for the reasons therein given, does not come within the first of the classes specified in the fifth section.

Nor can the attempt be successfully made to bring the case within the class of cases in which the construction or application of the Constitution is involved in the sense of the statute, on the contention that the petitioner was deprived of his liberty

without due process of law. The petition does not proceed on any such theory, but entirely on the ground of want of jurisdiction in the prior case over the subject-matter and over the person of petitioner, in respect of inquiry into which the jurisdiction of the Circuit Court was sought. If, in the opinion of that court, the restraining order had been absolutely void, or the petitioner were not bound by it, he would have been discharged, not because he would otherwise be deprived of due process, but because of the invalidity of the proceedings for want of jurisdiction. The opinion of the Circuit Court was that jurisdiction in the prior suit and proceedings existed, and the discharge was refused, but an appeal from that judgment directly to this court would not, therefore, lie on the ground that the application of the Constitution was involved as a consequence of an alleged erroneous determination of the questions actually put in issue by the petitioner.

*Appeal dismissed.*