# CORNELL v. GREEN.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE NORTHERN DISTRICT OF ILLINOIS.

No. 160. Argued March 18, 19, 1896.—Decided May 18, 1896.

In order to give this court appellate jurisdiction under the act of March 3,
1891, c. 517, § 5, upon the ground that the case " involves the construc-
tion or application of the Constitution of the United States," a construc-
tion or application of the Constitution must have been expressed or
requested in the Circuit Court.

A decree of the Circuit Court, dismissing on general demurrer, for want
of equity, a bill filed by a grantee of land, praying that proceedings for
foreclosure, to which his grantor was made a party as executor and as
guardian, but not individually, be set aside for the alleged reason that
the grantor was not a party to or bound by those proceedings, does not
"involve the construction or application of the Constitution of the
United States," within the meaning of the act of March 3, 1891, c. 517,
§ 5.

THIS was a bill in equity, filed by John E. Cornell in the
circuit court of Cook county in the State of Illinois, against
Hetty H. R. Green, Julius White, trustee, and Benjamin E.
Gallup, trustee, to redeem land in Chicago from two mort-
gages, and to set aside a decree of foreclosure thereof, and a
sale and conveyance under that decree. The case was in
substance as follows :

George W. Gage, being the owner in fee simple of the land,
mortgaged part of it on July 22, 1871, to White as trustee,
and the rest on May 7, 1873, to Gallup as trustee; and on
December 18, 1874, conveyed the whole in fee to William F.
Tucker, by deed duly recorded.

On September 24, 1875, Gage died, leaving a widow, Sarah
H. Gage, and six children, two of them minors, and a will by
which he appointed William F. Tucker, Lewis L. Coburn and
the widow his executors, and devised to them all his real
estate.

On November 27, 1875, Mrs. Green, having become the

owner of the debts secured by both mortgages, filed a bill in equity to foreclose them, against Sarah H. Gage, described as widow of George W. Gage, and executrix of his will; his six children, including the two minors; "William F. Tucker, Joseph K. Barry and John W. Clapp, all of whom are residents of the county of Cook, State of Illinois, and citizens of said last named State, and guardians of said minor children, the said William F. Tucker being also one of the executors of the last will and testament of the said George W. Gage, deceased;" Coburn, described as an executor of Gage's will; White, Gallup and other persons. That bill set forth the mortgages, and breaches of the conditions thereof, and Gage's death, family and will; and alleged that Gage, on December 18, 1874, conveyed to said Tucker all the land in question, subject to said incumbrances; and "that said above named parties against whom this bill of complaint is brought have, or claim to have, some interest in said premises described in said trust deed, by mortgage, judgment, conveyance or otherwise; but your oratrix states those interests, whatever they are, are subject to the rights of your oratrix under her securities before mentioned, and cannot be set up against the same, nor in any way interfere therewith;" and prayed for process "directed to the said Sarah H. Gage and the other defendants hereinbefore named." In the subpoena issued upon that bill, and in the officer's return thereon, Tucker was described as guardian and as executor, and not otherwise.

On April 5, 1876, none of the defendants above mentioned having appeared or answered to that bill, (except Gage's two minor children, who appeared by a guardian *ad litem*, and submitted their rights to the court,) an order was entered that the bill be taken for confessed against them, and the case referred to a master to ascertain the amounts due upon the mortgages. On July 31, 1876, a decree was entered, confirming the report of the master, and ordering a sale of the land by him to satisfy the amounts found due. On December 7, 1876, the land was accordingly sold by auction to Mrs. Green. On February 2, 1877, a final decree was entered, confirming the sale, and foreclosing the mortgages; and on February 3, 1877,

pursuant to that decree, a deed of the land was made by the master to Mrs. Green.

On September 13, 1887, Tucker died, intestate, leaving a widow, and three children, all of age. His widow died before the end of the year; and in January and February, 1890, his three children conveyed to Cornell, by deeds duly recorded, all the land described in the two mortgages.

On April 4, 1890, Cornell filed the present bill against Mrs. Green, and the trustees named in the two mortgages, setting forth his own title, and the mortgages, and a copy of the record of the proceedings upon the bill of foreclosure; alleging " that the said William F. Tucker was the owner, in his own right, of all said property, and so appeared of record at the time said bill for foreclosure was filed as aforesaid, and during the pendency thereof, and at the time of said sale, and still continued to be the owner thereof up to the time of his death; that the said William F. Tucker was not made a party defendant to said foreclosure proceedings, nor was the said William F. Tucker ever in court or subject to the orders, decrees and judgments of said court; that said decree of foreclosure, so entered as aforesaid, was of no binding force or effect upon said Tucker, nor upon his heirs, nor upon your orator, the grantee of said property as aforesaid;" and praying that, upon payment by the plaintiff of the sums due upon the mortgages, the mortgages might be released, and the decree of foreclosure and the deed to Mrs. Green be set aside and annulled.

On April 21, 1890, this suit was removed into the Circuit Court of the United States for the Northern District of Illinois, upon the petition of Mrs. Green, duly alleging that the plaintiff was a citizen of Illinois, and that she was a citizen of Vermont, and that there was in the suit a controversy which could be fully determined as between them, being citizens of different States.

On May 26, 1890, Mrs. Green demurred generally to this bill, for want of equity. On July 14, 1890, the court sustained the demurrer, and dismissed the bill, upon the ground, as stated in its opinion, that Tucker in his individual capacity

was sufficiently made a party to the bill of foreclosure, and was bound by the decree thereon. 43 Fed. Rep. 105.

On July 7, 1892, Cornell appealed to this court; and assigned, as errors, the dismissal of his bill for want of equity; the refusal to grant the prayer of his bill; and the decision that his grantor, Tucker, was barred of his equity of redemption by reason of the foreclosure proceedings, "in a case in which Sarah H. Gage, William F. Tucker, executor and guardian, and others, were defendants, the said Tucker never having been personally sued or served with process, or in any way submitted himself to the jurisdiction of said court, and that said finding deprived said complainant of his property without due process of law."

*Mr. Lyman Trumbull, Mr. F. B. Dyche* and *Mr. Robert Rae* for appellant. *Mr. Richard S. Thompson* was on their brief.

*Mr. Charles W. Ogden* for appellee.

MR. JUSTICE GRAY, after stating the case, delivered the opinion of the court.

No question of the jurisdiction of the Circuit Court has been certified to this court; and the appellate jurisdiction of this court is sought to be maintained upon the single ground that the case " involves the construction or application of the Constitution of the United States," within the meaning of the Judiciary Act of March 3, 1891, c. 517, § 5. 26 Stat. 828.

But, in order to bring a case within this clause of the act, the Circuit Court must have construed the Constitution, or applied it to the case, or must, at least, have been requested and have declined or omitted to construe or apply it. No construction or application of the Constitution can be said to have been involved in the judgment below, when no construction or application thereof was either expressed or asked for.

The case at bar, as shown by the record, was simply this: Gage made two mortgages of land, conveyed the equity of

redemption to Tucker, and died, leaving a widow and minor children, and a will appointing his widow, Tucker and a third person his executors, and devising all his real estate to them. The mortgages were foreclosed, pursuant to a decree *pro confesso,* upon a bill in equity, which stated the above facts, and in which Tucker was named as a defendant, as executor of Gage, and as guardian of his minor children, but not in his individual capacity, and was described in the same way in the subpœna. Cornell, claiming title by deed from Tucker's heirs, brought the present bill to redeem the land from the mortgages, and to set aside the proceedings for foreclosure; and therein alleged that Tucker owned the land at the time of all those proceedings, and until his death, and was not made a party to those proceedings, nor subject to the orders of the court therein, and that the decree of foreclosure was of no binding force or effect upon Tucker, or upon his heirs, or upon Cornell as their grantee.

The Circuit Court, upon general demurrer, dismissed this bill for want of equity, holding that in the former suit Tucker was sufficiently made a party to bind him by the decree in his individual, as well as in his representative capacity. 43 Fed. Rep. 105.

The Constitution of the United States is not mentioned in the bill of Cornell, or in the demurrer of the defendant, or in the decree or the opinion of the court. The case appears to have been treated throughout as depending upon a question of chancery practice, not of constitutional right. The first indication of anything like an intention on the part of the plaintiff to invoke the protection of the Constitution of the United States is in the suggestion, in the assignment of errors, "that said finding deprived said complainant of his property without due process of law."

The case is governed in every respect by recent decisions construing the same clause of the act of Congress.

In a case decided at this term, it was said by the Chief Justice, in delivering judgment: "A case may be said to involve the construction or application of the Constitution of the United States, when a title, right, privilege or immunity is

claimed under that instrument; but a definite issue in respect of the possession of the right must be distinctly deducible from the record, before the judgment of the court below can be revised on the ground of error in the disposal of such a claim by its decision. And it is only when the constitutionality of a law of the United States is drawn in question, not incidentally, but necessarily and directly, that our jurisdiction can be invoked for that reason. An assignment of errors cannot be availed of to import questions into a cause which the record does not show were raised in the court below and rulings asked thereon, so as to give jurisdiction to this court under the fifth section of the act of March 3, 1891." *Ansbro* v. *United States*, 159 U. S. 695, 697, 698.

In support of that judgment, several cases were cited, two of them very like the case at bar. *Carey* v. *Houston & Texas Railway*, 150 U. S. 170, 181; *In re Lennon*, 150 U. S. 393, 401.

*Appeal dismissed for want of jurisdiction.*

MR. JUSTICE BROWN dissenting.

Had Tucker not been made a party to the bill at all, and the court had attempted to dispose of his rights to the land in question, upon the sale under the foreclosure proceedings, there could be no doubt that it would be treated as an attempt to deprive him of his property without due process of law, and that such sale would have been invalid as against him, his heirs or vendees, under the Fourteenth Amendment.

This is in substance exactly what is claimed in this case. The bill averred broadly that he was not made a party at all, but the court, putting its own construction upon the foreclosure proceedings, which were made an exhibit to the original bill, decided that he was. Whether he was bound individually by the proceedings against him in his representative capacity — in other words, whether he individually *was* a party defendant to the bill — is beside the question. It is sufficient that he is averred not to have been, that a construction of the Constitution was necessarily involved, and that

the position of the plaintiff in that connection is not a frivolous one, or wholly destitute of foundation. *Chicago Life Ins. Co.* v. *Needles*, 113 U. S. 574.

That it requires us to put a construction upon the pleadings in the foreclosure suit does not militate against this position, as we have repeatedly held in analogous cases, where a contract is claimed to have been impaired by state legislation, that we would put our own construction upon such contract, and then inquire whether it had been impaired. *Jefferson Bank* v. *Skelly*, 1 Black, 436, 443; *New Orleans Water Co.* v. *Louisiana Sugar Co.*, 125 U. S. 18, 38; *Wilmington & Weldon Railroad* v. *Alsbrook*, 146 U. S. 279, 293; *Mobile & Ohio Railroad* v. *Tennessee*, 153 U. S. 486, 492.

It seems to me this case should have been determined upon its merits, and I therefor dissent from the opinion of the court.