# EMPIRE STATE-IDAHO MINING AND DEVELOPING COMPANY *v.* HANLEY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF IDAHO.

No. 206.    Argued February 1, 1907.—Decided March 25, 1907.

In a suit in the Circuit Court of the United States where diverse citizenship exists, if the real question is the controlling effect of *res judicata* of a decree rendered between the parties in another suit, and whether the court rendering it had jurisdiction so to do and those questions are decided upon principles of general law, the case is not one involving the construction and application of the Constitution and laws of the United States, and a direct appeal does not lie to this court under § 5 of the Court of Appeals Act of 1891, 29 Stat. 492; nor can the decision appealed from be converted into one involving the construction and application of the Constitution by averring argumentatively that to give such effect to the former adjudication amounts to depriving a party of due process of law.

THE defendant in error, complainant below, brought suit in the Circuit Court of the United States for the District of Idaho against the Empire State-Idaho Mining and Developing Company and the Federal Mining and Smelting Company, appellants herein. The bill filed July 27, 1904, alleged di-

versity of citizenship as the ground of jurisdiction, and averred that the Empire State-Idaho Mining and Developing Company, the Federal Mining and Smelting Company and complainants are the owners and possessors, as tenants in common, of the Skookum mine and mining claim and the ores therein contained, situated in Yreka Mining District, Shoshone County, Idaho. The complainant was alleged to be the owner of an undivided one-eighth interest in the fee thereof, and the Empire State-Idaho Mining and Developing Company the owner of the undivided seven-eighths of said mine and claim.

There are other allegations, not necessary to be here set out, and then, in the eighth paragraph of the bill, it is alleged:

"8. That prior to May 17, 1902, the defendant Empire State-Idaho Mining and Developing Company extracted from said mine, through said tunnels, large quantities of ore and sold the same and received all of the proceeds thereof and paid no part of the same to complainant; that complainant brought suit on March 19, 1899, in the United States Circuit Court, District of Idaho (a court having jurisdiction of the parties and subject matter) against said defendant and Charles Sweeny and F. Lewis Clark, to recover his share of the proceeds and to quiet his title to said mine and ore bodies; and in said suit recovered a decree against said defendant Empire State-Idaho Mining and Developing Company, duly given and made in said United States Circuit Court at Moscow, Idaho, on or about November 17, 1902, for the sum of one hundred seventy-five thousand dollars ($175,000), and which decree quieted the title of this complainant to said one-eighth interest in said claim and ore bodies, a certified and attested copy of which decree was, on the — day of November, 1902, recorded in Shoshone County, Idaho, and the amount decreed to complainant therein remains unpaid and unsatisfied, excepting the sum of $5,523.42; that as the result of an appeal from said decree by complainant the same was, on the tenth day of May, 1904, so modified as to make the amount thereof $255,061.40, with interest thereon from February 15 until

paid, at seven per cent per annum, and the said amount and every part thereof is now unpaid."

The bill avers the extraction of a large amount of ore in which the complainant alleges he is entitled to an interest, and that the defendant the Empire State-Idaho Mining and Developing Company and the Federal Mining and Smelting Company deny the title of the defendant to the mining and ore bodies. It further avers that the defendants are, appropriating the ores mined to their own use, and, after other allegations not necessary to be set out, prays for an injunction restraining the defendants from extracting ore from the Skookum mine pending the suit, and for an accounting for the ores extracted from the mines and claim since May 17, 1902.

By the amended answer the defendants, among other defenses, set up that the ores which they are extracting belong to a vein or lode not having its apex within the Skookum mining claim, but belonging to a vein having its apex within the lode mining claim lying to the north of the Skookum claim and a part of the San Carlos claim owned by the defendants, and deny that the defendants are mining any ores in which the complainant has any right, and avers that the claim thereto is without merit; and coming to answer the eighth paragraph of the bill, setting up the decree upon which the plaintiffs relied for their title, the defendants set up paragraphs 6 and 7:

"6. Answering paragraph eighth of the bill, these defendants admit that an action was brought against the parties named in said paragraph as alleged therein, but deny that said action was brought to quiet title to said ore bodies, or that the decree therein did in fact quiet title to said ore bodies or to an undivided one-eighth interest therein in the complainant, and allege further concerning said decree in said action that the court, in the said action, had no jurisdiction to determine title to the said Skookum mine or to the ore bodies lying within or beneath the said mining claim, for the reason that the bill of complaint in the said action does

not purport to be an action to quiet title to the said mine or ore bodies, nor does the same make a case for the quieting of title thereto, nor is it such as to authorize the decree rendered in said action purporting to quiet the title to said mine and ore bodies, and for the further reason alleged by defendants to be a fact, that no opportunity was given to the defendants therein to litigate the title to said ore bodies before the decree in said action purporting to quiet title was rendered, and for the further reason that at the time of the commencement of said action the defendant herein, Empire State-Idaho Mining and Developing Company, was, as shown by the complaint herein, in exclusive possession of such ore bodies and the complainant was out of possession thereof, and an action of law alone would lie in the Federal court to determine title to such ore bodies, and that the defendant therein, being the defendant, Empire State-Idaho Mining and Developing Company, had a right under the laws and Constitution of the United States to a trial by jury of the question of title to said ore bodies, and defendants allege that so much of the decree in said action as undertook or purported to quiet title to such ore bodies was and is absolutely void as to the Empire State-Idaho Mining and Developing Company, because the same constituted and was in fact an attempt to deprive it of its property without due process of law within the meaning of article 5 of the amendments to the Constitution of the United States, and because the same constituted an adjudication of its property rights without its consent by the court without a jury, contrary to the provisions of article 7 of the amendments to the Constitution of the United States.

"7. The defendants attach hereto, marked Exhibit Å, and pray that the same may be taken as a part of this answer, copies of the complaint, answer and replication in the action referred to in the eighth paragraph in the bill, and allege that the same constituted the sole pleadings in the said action, and together with the evidence constituted the sole basis for the final decree rendered therein, a copy of which is attached

hereto and marked Exhibit B, and made a part hereof; that after the replication in said cause was filed testimony was taken before an examiner, on the part of the complainant, in support of the allegations contained in the bill, to wit, the allegations that the defendants Clark and Sweeney had acquired the one-eighth interest in the Skookum mine from the complainant by fraud, covin and deceit, and testimony was introduced by the defendants contradicting the testimony of the complainant, and tending to support the affirmative allegations of the answer, and no testimony was offered or taken, either for complainant or defendants, concerning the said one-eighth interest, except the evidence for and against fraud, covin and deceit, as before alleged. Thereupon the said cause was submitted to the court for decision, and the said Circuit Court entered a decree in favor of the defendants therein. Thereupon complainant in that suit appealed to the United States Court of Appeals for the Ninth Circuit from the said decree, and the said court, after a hearing upon the pleadings and the evidence before it, found that the allegations of the bill relating to the fraud in procuring title to the one-eighth interest claimed by the said Hanley were sustained by the evidence, and the decree was reversed and the cause sent back to the Circuit Court for the further proceedings in accordance with the opinion. Thereupon an order was made by the Circuit Court directing an accounting, and evidence was introduced by complainant to show the amount and value of ores extracted from the Skookum mine prior to May, 1902, by the defendants in said suit. That defendants in the said action thereupon offered to prove that the said ore so extracted from underneath the Skookum mine prior to that time was part of the vein having its apex in the said San Carlos claim, above referred to, owned by defendants, and that the said San Carlos claim was so located that its extralateral rights included the ore bodies from which the said ores were extracted. The said offer to prove the said fact was thereupon denied by the said court, acting under

the order of the United States Circuit Court of Appeals for
the Ninth Circuit, in a certain mandamus proceeding brought
in said court to test the question; that defendants in the said
action thereafter, and at all times, contended and insisted
that they had a right to show in the accounting that the ores
taken from under the Skookum claim were a part of the vein
apexing in the San Carlos claim, of which the defendants
were the owners, and that the court was without jurisdiction
to render a decree in the said action quieting title to the
Skookum mine, or to the ore bodies referred to in the bill of
complaint, but its contentions and objections were overruled
and the decree averred by the complainant was rendered
notwithstanding such protests and objections; and defend-
ants aver that the said decree purporting to quiet title in said
ore bodies was rendered without evidence being taken upon
the said contention of the defendants, and without any evi-
dence whatever being heard which threw any light upon the
contention; and said decree was thereafter, upon appeal to
the United States Circuit Court of Appeals for the Ninth
Circuit, affirmed, the court in said cause holding as ground
for its action that the bill of complaint made a cause for quiet-
ing title to the one-eighth interest in the said Skookum mine
and to the ore bodies in the limits thereof, and that the de-
fendants in said cause, having failed to plead title to the ore
bodies in themselves by virtue of the facts hereinbefore set
up, were estopped to litigate the said facts."

The complainant below filed exceptions to this amended
answer, in which he averred that in the former decree the
title to the ore bodies in question was quieted and that the
issues made in that case were within the jurisdiction and power
of the court to determine, and that the question of the right
and title to one-eighth of the Skookum mine and mining claim
and ores therein contained had been determined in the former
suit in favor of the complainant and the said question had
become *res judicata* in a court having jurisdiction of the parties
and the subject matter.

Upon hearing the exceptions to the amended answer, they were sustained and the answer held insufficient. Thereupon the defendants, averring that the court was in error and that the said amended answer constituted a defense, declined to plead further, and elected to stand upon the amended answer. The complainant thereupon moved the court for a final decree for one-eighth of the amounts stated in paragraph 9 of the answer to have been mined as therein stated. A final decree was rendered accordingly, and thereupon a direct appeal was taken to this court.

*Mr. George Turner,* with whom *Mr. F. T. Post* was on the brief, for appellant.

*Mr. Myron A. Folsom* for appellee.

MR. JUSTICE DAY, after making the foregoing statement, delivered the opinion of the court.

In the brief and argument of the learned counsel for the plaintiff in error it is said: "The sole question in the case is whether, on the facts set up and pleaded in the answer, there was jurisdiction in the United States Circuit Court in the former suit to render the judgment quieting in the complainant Hanley title to one-eighth of *all* the ore bodies found within the boundaries of the Skookum mining claim. The lower court thought the answer failed to show want of jurisdiction and sustained complainant's exceptions."

A preliminary question for examination in this court, although not made in argument by counsel, is whether this court has jurisdiction of this case by direct appeal from the judgment rendered in the Circuit Court of Idaho. It is apparent from the statement preceding this opinion that the extent and effect of the adjudication in the first case, wherein the complainant alleges title was decreed to him, was the real controversy between the parties. The complainant con-

tended that the court in the former case had adjudicated title to all of the ore bodies found within the boundaries of the "Skookum claim." The defendants contended that the ore bodies in controversy belonged to another mine, the San Carlos, the property of the defendants, by reason of the fact that they are of a vein which has its apex in the San Carlos mining claim and not in the Skookum; and that the decree in the former suit was without jurisdiction in so far as it undertook to quiet title for such ore bodies, because the pleadings in that suit made no case for such decree.

If this case can come here by direct appeal, it must be because it is within section 5 of the Court of Appeals Act, 1891, providing for direct appeals in certain cases from the Circuit Court to this court. Sec. 5, 29 U. S. Stat. 492. It cannot be brought directly here as a case in which the jurisdiction of the court is in issue; for the jurisdiction challenged is not that of the court rendering the decree from which this appeal is taken, but is that of the court rendering the former decree, which is set up in the complaint as the basis of the title sued upon. *In re Lennon,* 150 U. S. 393.

If the case is properly here, it must be because it is one which involves the construction or application of the Constitution of the United States. It has been repeatedly held that it is only when the Constitution of the United States is directly and necessarily drawn in question that such an appeal can be taken, and the case must be one in which the construction or application of the Constitution of the United States is involved as controlling. We think this case is not of that character. It is evident that the real issue as to the former judgment was whether it was *res judicata* between the parties, or, as contended by the plaintiff in error, rendered without jurisdiction. The court in deciding against the plaintiff in error decided that the court had jurisdiction and that the former decree was conclusive. This decision does not necessarily and directly involve the construction or application of the Constitution of the United States.

In *World's Columbian Exposition* v. *United States*, 56 Fed. Rep. 654, 657, Mr. Chief Justice Fuller, speaking for the court, said: "Cases in which the construction or application of the Constitution is involved, or the constitutionality of any law of the United States is drawn in question, are cases which present an issue upon such construction or application or constitutionality, the decision of which is controlling; otherwise every case arising under the laws of the United States might be said to involve the construction or application of the Constitution, or the validity of such laws."

*In re Lennon*, 150 U. S. *supra*, was a proceeding in *habeas corpus* to discharge a party held upon an order for imprisonment for failing to pay a fine imposed for contempt. The petitioner alleged that the Circuit Court had no jurisdiction of the case in which the order of injunction had been issued, for violation of which the petitioner was alleged to be guilty of contempt; and that it had no jurisdiction either of the subject-matter or of the person of the petitioner. The application being denied and direct appeal being taken to this court, it was held that it would not lie under section 5, Act of March 3, 1891, because the jurisdiction of the Circuit Court of the petition for *habeas corpus* was not in issue, nor was the construction or application of the Constitution involved. Of the latter phase of the case Mr. Chief Justice Fuller, speaking for the court, said:

"Nor can the attempt be successfully made to bring the case within the class of cases in which the construction or application of the Constitution is involved in the sense of the statute, on the contention that the petitioner was deprived of his liberty without due process of law. The petition does not proceed on any such theory, but entirely on the ground of want of jurisdiction in the prior case over the subject-matter and over the person of petitioner, in respect of inquiry into which the jurisdiction of the Circuit Court was sought. If, in the opinion of that court, the restraining order had been absolutely void, or the petitioner were not bound

by it, he would have been discharged, not because he would. otherwise be deprived of due process, but because of the invalidity of the proceedings for want of jurisdiction. The opinion of the Circuit Court was that jurisdiction in the prior suit and proceedings existed, and the discharge was refused, but an appeal from that judgment directly to this court would not, therefore, lie on the ground that the application of the Constitution was involved as a consequence of an alleged erroneous determination of the questions actually put in issue by the petitioner."

In *Carey* v. *Houston & Texas Central R. R. Co.*, 150 U. S. 170, in which a bill in equity had been filed in order to impeach and set aside a decree of foreclosure on the ground of fraud and want of jurisdiction in the foreclosure suit, it was held that no case for appeal directly to this court was made as one that involved the construction or application of the Constitution of the United States. In that case Mr. Chief Justice Fuller, delivering the opinion of the court, said:

"It is argued that the record shows that complainants had been deprived of their property without due process of law, by means of the decree attacked, but because the bill alleged irregularities, errors and *jurisdictional* defects in the foreclosure proceedings and fraud in respect thereof and in the subsequent transactions, which might have enabled the railroad company upon a direct appeal to have avoided the decree of sale, or which, if sustained on this bill, might have justified the Circuit Court in setting aside that decree, it does not follow that the construction or application of the Constitution of the United States was involved in the case in the sense of the statute. In passing upon the validity of that decree the Circuit Court decided no question of the construction or application of the Constitution, and, as we have said, no such question was raised for its consideration. Our conclusion is that the motion to dismiss the appeal must be sustained."

The cases cited were followed and the principles deducible

therefrom applied in *Cosmopolitan Mining Company* v. *Walsh*, 193 U. S. 460. In that case it was contended, in a replication to an answer setting up certain former judgments rendered against the complainant as a bar to the suit brought by it to recover possession of the real property sold under the judgments, that they were awarded without due process of, law, in violation of the Fourteenth Amendment. And this was upon the theory that the service of process in the state courts upon the corporation's agent in the suits where the judgments were rendered was unauthorized by the laws of the State or the general principles of law. It was held that the case was not one directly involving the construction or application of the Federal Constitution within the meaning of section 5 of the Act of March 3, 1891, and the writ of error was dismissed.

We think the principles involved in these cases decisive against jurisdiction in this court of this appeal. It is true that it is averred in the sixth paragraph of the amended answer above set forth that in the action to determine title to the ore bodies the mining company had the right under the laws and Constitution of the United States to a trial by jury, of which it was deprived; and that so much of the decree as undertook to quiet title to the ore bodies was rendered without jurisdiction, because the same constituted and was in fact an attempt to deprive the defendant of its property without due process of law in violation of the Federal Constitution. But these averments of conclusions as to constitutional rights do not change the real character of the controversy and make it a case in which the controlling rule of decision involves the construction or application of the Constitution of the United States.

The thing relied upon in this case was the controlling effect as *res judicata* of a decree rendered between the parties in another suit. And the real issue was as to the jurisdiction of the court to render the decree. The determination of that question did not involve the construction or application of

the Constitution of the United States. The Circuit Court held that the court rendering the first decree had jurisdiction to determine the ownership of the ore bodies underneath the surface of the Skookum claim. The court thus really decided a question of res judicata between the parties upon general principles of law. And it does not convert the decision into one involving the construction and application of the Constitution of the United States to aver, argumentatively, that to give such effect to a former adjudication under the circumstances amounts to depriving a party of due process of law.

We are of opinion therefore that the case does not come within the fifth section of the Circuit Court of Appeals Act as one directly appealable to this court.

The writ of error is dismissed for want of jurisdiction in this court.