GUARANTY TRUST CO. OF NEW YORK v. METROPOLITAN ST.
RY. CO. et al.

(Circuit Court, S. D. New York. June 22, 1909.)

COURTS (§ 385*)—SUPREME COURT—REVIEW OF DECISIONS OF CIRCUIT COURT.
A Circuit Court should not grant an appeal direct to the Supreme Court
under Act March 3, 1891, c. 517, § 5, 26 Stat. 827 (U. S. Comp. St. 1901,
p. 549), in a case involving a large number of miscellaneous and compli-
cated questions, merely because a constitutional question may be inci-
dentally raised.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 385.*]

In Equity. Application by complainant for allowance of an appeal
to the United States Supreme Court from decree of foreclosure and
sale (168 Fed. 937) made herein March 18, 1909.

Davies, Stone & Auerbach, for complainant.
J. Parker Kirlin, for defendant Metropolitan St. Ry. Co.
Masten & Nichols, for receivers of Metropolitan St. Ry. Co.

LACOMBE, Circuit Judge. Examination of the assignments of
error shows that it is sought to present upon this appeal multitudinous
questions—largely questions of chancery practice—involving all the
intricate details of the situation presented on the trial of this suit.
The relationships of the various interests are involved and the ne-
cessities of operation by the court have still further complicated them,
with the result that provision has had to be made in the decree for
minute details which are usually omitted. It was one object of the
Appeal Act of March 3, 1891 (chapter 517, 26 Stat. 826 [U. S. Comp.
St. 1901, p. 488]), to relieve the Supreme Court of the burden of con-
sidering such questions—at least until after the local Court of Ap-
peals should have considered them, whereupon, in the event of appar-
ent error being disclosed they might be brought up on certiorari. It
would seem that the references in three or four of the assignments of
error to the provisions of the fifth amendment to the Constitution
of the United States are not sufficient to warrant the Circuit Court
in sending the course upon appeal direct to the Supreme Court under
the fourth subdivision of section 5 of the appeal act. Certainly the
construction or application of the Constitution was not the controlling
or dominant feature of the case. It is thought therefore that the
application for allowance of such appeal should be refused. Carey
v. Houston & Texas Central Ry. Co., 150 U. S. 170, 14 Sup. Ct. 63,
37 L. Ed. 1041; In re Lennon, 150 U. S. 393, 14 Sup. Ct. 123, 37
L. Ed. 1120; Ansbro v. U. S., 159 U. S. 695, 16 Sup. Ct. 187, 40 L.
Ed. 310; Cornell v. Green, 163 U. S. 75, 16 Sup. Ct. 969, 41 L. Ed.
76; Empire, etc., Co. v. Hanley, 205 U. S. 225, 27 Sup. Ct. 476, 51
L. Ed. 779.

If this court is in error as to construction and application of the
authorities above cited, the complainant will be in no way prejudiced
thereby, since application for allowance of the appeal can be made
to one of the justices of the Supreme Court. Refusal does not put
appellant to the trouble of moving for a mandamus.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes