In re IASIGI.

(District Court, S. D. New York. March 16, 1897.)

BAIL—HABEAS CORPUS—APPEAL.

A district judge who has denied a writ of habeas corpus to release a foreign consul imprisoned under state authority has no power, under Rev. St. § 765, and Sup. Ct. Rule 34 (6 Sup. iii.) to admit the prisoner to bail pending an appeal from the order denying the writ.

The court heretofore denied an application for a writ of habeas corpus to release the petitioner, Joseph A. Iasigi, Turkish consul general at Boston, from imprisonment under an order of commitment by a magistrate in interstate extradition proceedings. The petitioner, having taken an appeal from the order denying the writ, has now applied to be admitted to bail pending the appeal.

David Keane, for petitioner.

Albert Stickney and John D. Lindsay, opposed.

BROWN, District Judge. Without considering the propriety of admitting the petitioner to bail during his appeal to the supreme court from the order refusing to discharge him on habeas corpus in interstate extradition proceedings, I am of opinion that under rule 34 of the supreme court, and section 765 of the Revised Statutes, I have no authority to act, but that the application must be made to the supreme court.

1. I think the provisions of section 765 are in force in habeas corpus cases, except as to the right and mode of appeal, which are regulated by the act of 1891. In re Lennon, 150 U. S. 399, 14 Sup. Ct. 123. The act of 1893 evidently contemplates that section 765 and section 766 remain in force, except as to the right and mode of appeal.

2. Under section 765 after the supreme court has made its regulations and orders as to the "custody of the prisoner" (which includes the taking of bail) I think my authority is limited by the regulations so made.

3. Rule 34 of the supreme court (6 Sup. iii.) provides that the prisoner "may be taken into the custody of the court or judge." I have, therefore, for sufficient cause, so ordered. This rule further provides that the prisoner may be "enlarged upon recognizance, as hereinafter provided." This is a limitation to the cases so provided; and the next clause of the rule provides only for such a recognizance where an appeal is taken upon the discharge of the prisoner. Here the prisoner was held; not discharged.

4. Rule 36 (11 Sup. Ct. iv.) gives no additional authority to take bail in habeas corpus cases.

Under the statute and rule 34, I do not seem to have authority to admit to bail.