### Ex parte RONCHI.

(District Court, S. D. New York. November 17, 1908.)

BAIL (§ 47*)—JURISDICTION OF APPLICATION—APPEAL FROM JUDGMENT DENYING WRIT OF HABEAS CORPUS.

A judge of a circuit or district court who has discharged a writ of habeas corpus is not given power to admit the prisoner to bail pending an appeal from his judgment by paragraph 2 of rule 33 of the Circuit Court of Appeals (79 C. C. A. xxxvi, 150 Fed. xxxvi).

[Ed. Note.—For other cases, see Bail, Dec. Dig. § 47.*]

Habeas Corpus. On motion for bail pending appeal.

A writ of habeas corpus was issued on petition of Arturo Ronchi alleging that he was restrained of his liberty in violation of law by the Commissioner of Immigration of New York under an order of the Secretary of Commerce and Labor, that petitioner be deported to

the country whence he came as an alien unlawfully in the United States. The writ was discharged, and petitioner made application for an appeal, and for bail pending appeal.

Pratt, Koehler & Russell (Addison S. Pratt, of counsel), for the motion.

Henry L. Stimson, U. S. Atty., opposed.

HOLT, District Judge. If the question were an original one, my personal opinion would be that the court would have power to take bail in this case, under paragraph 2 of rule 33 of the United States Circuit Court of Appeals. 150 Fed. xxxvi, 79 C. C. A. xxxvi. But the construction of the paragraph is doubtful, and it was held by Judge Brown, in Re Iasigi (D. C.) 79 Fed. 755, and by Judge Ward, in Re Funaro (no written opinion filed), that there is no such power. Judge Adams held, in the Crawford Case (no opinion), that there was such power, but the circumstances in that case were peculiar. Upon the whole, I think that, in the absence of any authoritative decision of the appellate court, I should follow the Iasigi and Funaro Cases.

Moreover, if the court has the power to take bail in such a case, it is a discretionary power, to be exercised under rule 33 for good cause shown. I do not see that any such cause has been shown in this case. It is claimed that Ronchi left Italy after having embezzled trust funds. If the charge is true, bail will not procure his attendance unless it is fixed at a higher figure than the amount embezzled.

The motion for bail is denied.