## *In re* SUN HUNG and another.

*(Circuit Court, D. California. August 24, 1885.)*

HABEAS CORPUS—APPEAL TO SUPREME COURT—REV. ST. § 764—ACT OF MARCH 3, 1885.

The right of appeal to the supreme court in *habeas corpus* cases under Rev. St. § 764, as amended by the act of March 3, 1885, is absolute, and not dependent upon the discretion of the judge to allow or deny.

Application to Allow Appeal to Supreme Court.

*J. C. B. Hebbard,* for petitioner.

SAWYER, J. This is an application for the allowance of an appeal to the supreme court, under the recent act of congress giving an appeal in these cases. The case was brought to this court by appeal from the district court, and the appeal is on a question of fact, whether these two parties were born in the United States. The testimony is extremely slender, and uncorroborated, and the judgment in the district court was therefore affirmed. The act is very general and comprehensive in its provisions, and I was in doubt whether or not the right of appeal is absolute, or whether I have any discretion to refuse to allow the appeal. Had I the discretion, I certainly should deny an appeal in this case. I think it is a case with which the supreme court should not be troubled. I do not think there is enough in it to justify taking it up. There is no question of law involved. If there is no discretion in these cases, every case of *habeas corpus* of this character, whichever way decided, can go to the supreme court on appeal. Upon examination I have come to the conclusion that I have no discretion in the matter, and that the right of appeal is absolute. I think the act must have passed without due consideration; without appreciating the effect or the consequences of an unlimited right of appeal. There should, in my opinion, be an appeal in some cases. A petitioner ought not always to be compelled to wait until the judges disagree. Very important questions arise under the Chinese restriction acts, which the judges themselves are not clear upon, in which there ought to be a decision of the supreme court of the United States, and in which the judges earnestly desire such a decision. These acts involve international considerations and international questions of the highest importance; but, in my judgment, there should be some limit to the right of appeal in these matters. Perhaps the right ought not to rest upon the discretion of the judges who have tried the cases, because it would be a delicate matter for them in some cases to deny an appeal from their own judgments. Certainly, in addition to an appeal, where there is an opposition of opinion in this class of cases, wherever a judge finds a question of law upon which he is not clear, he alone, in my judgment, should be entitled to certify that question up for final decision of the supreme court, where the matters are of so much importance as are often involved in the construction of the

Chinese restriction acts. There have been several questions raised before and decided by me which I should have been very glad to certify up, and should have certified up for an authoritative decision of that tribunal had I been authorized to do so.

I think there should be no appeal on a mere question of fact, unless there is additional testimony to be taken before the supreme court. In this class of cases, the judge who hears the evidence and sees the witnesses is certainly in a much better situation to determine a question of fact than the supreme court could be on the written record of what occurs before the court of original jurisdiction. On the question of fact, it seems to me, there ought not to be an appeal. However, congress may think otherwise. I merely make the suggestion on the question of policy. On an important question of law affecting the rights and liberty of parties under the constitution and laws of the United States, on which any judge entertains a reasonable doubt, and which he thinks should be determined by the supreme court, there certainly should be an appeal. Where the judge has decided the case, and feels confident of the correctness of his decision, there should be some such limitation as this: The party appealing should be required to present a copy of the record, and an assignment of alleged errors, to one of the justices of the supreme court, for his examination, to see whether the appeal is frivolous, or whether there is really anything in it that justifies the allowance of an appeal; and such justice should have some discretion in the matter of allowing an appeal.

There certainly could be no objection to intrusting that discretion to a justice of the supreme court, whatever objection there might be to intrusting such power to the court that heard the case. Such a rule is prescribed by the recent act authorizing writs of error in certain criminal cases to remove them from the district court to the circuit court. In such a case, the party who desires the writ of error is compelled to prepare a copy of the record, and lay it before the circuit judge of the court to which the case is to be taken for review, and if he deems it to present a question of sufficient doubt to justify a hearing in the appellate court, he is authorized to allow a writ of error. I have had occasion to pass upon several cases of the kind, and to deny the writ in some, as frivolous. If the judge thinks the application frivolous, and there is no point worthy of consideration, he is authorized to deny the writ. I see no good reason why a similar provision should not be made applicable, at least, to the justice of the supreme court, so that, when the circuit court has decided for or against a petitioner on *habeas corpus*, the party feeling aggrieved should take the record to a justice of the supreme court, and allow him to determine whether the appeal is frivolous, or whether there is some real question that is worthy of consideration, and give him discretion to allow or deny the appeal, as he deems the justice of the case requires. Such a provision, with the limitation that there should

be no appeal on questions of fact, would, perhaps, afford the proper remedy.

Viewing this question as I do, and believing the right of appeal to be absolute, and that I have no discretion in the matter, I allow the appeal, and shall fix the bail-bond at $2,000, with a bond of $300 to cover costs.

In the *Case of Ty Moy*, on appeal, which is an application of a similar character, the appeal will be allowed, and the same bonds fixed.

---

On the day following the allowance of the appeal, the attorneys of the parties being present, the circuit judge made the following additional observations:

I desire to add some observations to what I said on yesterday in this case. In allowing the appeal, the opinion was expressed that there ought to be no appeal on a question of fact. It has since occurred to me that, in view of the object and policy of the law, perhaps it might be held, without a very greatly overstrained construction of the statute, that the appeal only lies upon questions of law. Undoubtedly the principal object of the statute is to procure an authoritative construction of the constitution, law, or treaty under which the question arises, and thereby protect the legal rights of the petitioner; and, if I could see my way clear, I should limit appeals to cases presenting questions of law only. But, as was stated yesterday, the language of the statute is very broad and comprehensive. Combining the two provisions of the statute into one, it reads: "From a final decision of such circuit court, an appeal may be taken to the supreme court," "in the *case of any person alleged to be restrained of his liberty* in violation of the constitution, or of any law or treaty of the United States." This is "a case" in which such restraint is alleged; and the statute does not, in terms, nor by plain inference, limit the appeal to the *legal* points involved in "the case." The law points in this case, had they been reached, under the settled decisions, so far as the courts of this circuit can settle them, would have been decided in favor of petitioners. It was held in *Look Tin Sing's Case*, 21 FED. REP. 905, Mr. Justice FIELD delivering the opinion, and three other judges concurring, that a child born in the United States, of Mongolian parents, residing at the time in the country, is a citizen, and entitled to enter the United States as such, irrespective of the restriction act. But this case was determined upon a mere question of fact *whether the petitioners were born in the United States.* This question on the construction of the statute as to a right of appeal on a mere question of fact was not suggested, nor did it occur to me under the broad language of the statute, before allowing the appeal. It may be that the supreme court may feel justified in limiting the ap-

peal to questions of law. I suggest the point, without expressing a decided opinion as to how it should be ultimately decided; but, for the purposes of this case, rule against it. It is a point, at least, that the government, which has intervened, is entitled to have considered and determined by the supreme court; and the public interests require that it should be so determined. Should the appeal be thus limited, it would obviate, to a great extent, if not wholly, the great inconvenience now apprehended from the act.

The allowing of this appeal will enable the supreme court to authoritatively determine the point at an early day, as the attorney general, at the opening of the next term of court, in October, can move to dismiss the appeal, on the ground that an appeal does not lie, under the act, upon a mere question of fact; the law applicable to the facts, assuming the petitioners to have been born in the United States, having been already settled in their favor. I suggest this course, and, on an intimation from the United States attorney that this suggestion will be promptly acted upon, I shall suspend final action on any other application for an appeal on questions of fact till an opportunity is had to obtain a decision of the supreme court on the point suggested. It is expected, however, that prompt action will be taken.