## In re MARMO.

### (District Court, D. New Jersey. June 1, 1905.)

**1. FEDERAL COURTS—HABEAS CORPUS—APPEAL—STATUTES—APPLICATION.**

Act Cong. March 3, 1891, c. 517, § 5, 26 Stat. 827 [U. S. Comp. St. 1901, p. 549], providing that an appeal may be taken from any Circuit Court to the Supreme Court of the United States in any case which involves the construction or application of the Constitution of the United States, and also in any case in which the Constitution or law of the state is claimed to be in contravention of the Constitution of the United States, is applicable to appeals in habeas corpus proceedings.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, §§ 1012, 1013, 1017; vol. 25, Cent. Dig. Habeas Corpus, §§ 103, 104.]

**2. SAME—LEAVE TO APPEAL—DENIAL—DISCRETION.**

Where an application to a District Judge for a writ of habeas corpus alleged that petitioner's imprisonment was in violation of the federal Constitution, the court was without discretion to refuse to allow an appeal to the Supreme Court from an order denying the writ, though it appeared that the same was without merit.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, §§ 1012, 1013, 1017; vol. 25, Cent. Dig. Habeas Corpus, §§ 103, 104.]

On Petition for Allowance of Appeal from Judgment Denying Writ of Habeas Corpus.

Chauncey H. Beasley, for petitioner.

Henry Young, Prosecutor of the Pleas of Essex County, N. J., opposed.

LANNING, District Judge. The petitioner has been convicted in the court of oyer and terminer, in the county of Essex, of murder in the first degree, and sentenced to be hanged to-morrow, June 1, 1905. Application has this day been made to me for a writ of habeas corpus, the allegation being that the trial court was not properly constituted and that the petitioner is now being held in confinement contrary to the provisions of the fourteenth amendment to the federal Constitution. Having concluded that the petition sets forth no cause of illegal confinement, I denied the writ.

The petitioner has now presented to me a petition of appeal, and requested me to allow it. At first I was disinclined to do so, because it seemed to me that I was vested with a discretionary power as to whether I would or would not allow the appeal. But, after such examination of the authorities as I have been able to make in the hour or two at my command, I have concluded that there is such doubt upon the subject that I ought to allow the appeal.

In the Lennon Case, 150 U. S. 399, 14 Sup. Ct. 126, 37 L. Ed. 1120 (A. D. 1893), the Supreme Court said:

"While the right of appeal from the judgments of Circuit Courts on habeas corpus directly to this court, in all cases, is taken away by the act of March 3, 1891, that right still exists in the cases designated in section 5 of that act."

In Craemer v. Washington State, 168 U. S. 127, 18 Sup. Ct. 2, 42 L. Ed. 407 (A. D. 1897), the court said:

"Under existing statutory provisions appeals may be taken to this court from final decisions of the Circuit Courts in habeas corpus in cases, among

others, where the applicant for the writ is alleged to be restrained of his liberty in violation of the Constitution or of some law or treaty of the United States, and if the restraint is by any state court, or by or under the authority of any state, further proceedings cannot be had against him pending the appeal. Such being the law, it has happened in numerous instances that applications for the writ have been made, and appeals taken from refusals to grant it, quite destitute of meritorious grounds, and operating only to delay the administration of justice."

In the Durrant Case (C. C.) 84 Fed. 318 (A. D. 1898), it appears that a petition for a writ of habeas corpus by one who had been convicted of murder was denied, and that the judge who denied the writ of habeas corpus also refused an order allowing any appeal from his judgment. But in the Sun Hung Case (C. C.) 24 Fed. 723, the right of appeal to the Supreme Court in habeas corpus cases was held to be absolute. Judge Sawyer in that case said:

"Had I the discretion I certainly should deny an appeal in this case. I think it is a case with which the Supreme Court should not be troubled. I do not think there is enough in it to justify taking it up. There is no question of law involved. If there is no discretion in these cases, every case of habeas corpus of this character, whichever way decided, can go to the Supreme Court on appeal. Upon examination I have come to the conclusion that I have no discretion in the matter, and that the right of appeal is absolute."

In the Jugiro Case, 44 Fed. 754, Judge Lacombe, upon a second application to the Circuit Court for the Southern District of New York for a writ of habeas corpus, said:

"Whether this is the second or the twenty-second application, however, is immaterial. Under the statutes as they stand, it seems to be left for the petitioner alone to determine, not only how many times he will apply for the writ, and whether he will appeal from its denial, but also how often he will, by such appeal, invoke the operation of section 766, Rev. St. [U. S. Comp. St. 1901, p. 597], which provides that until final judgment thereon any proceeding against his person under state authority shall be null and void."

Since the two cases last above mentioned were decided the act of March 3, 1891, c. 517, 26 Stat. 826 [U. S. Comp. St. 1901, p. 547], creating Circuit Courts of Appeal, has been enacted. The law of procedure in habeas corpus proceedings was by that act to some extent modified. Section 5 of that act (26 Stat. 827 [U. S. Comp. St. 1901, p. 549]) provides that an appeal may be taken from any Circuit Court to the Supreme Court of the United States "in any case that involves the construction or application of the Constitution of the United States," and also "in any case in which the Constitution or law of a state is claimed to be in contravention of the Constitution of the United States." This provision of the act of 1891 is applicable to appeals in habeas corpus proceedings. In the Storti Case, 109 Fed. 809 (A. D. 1901), the Circuit Court for the District of Massachusetts refused a writ of habeas corpus, and also refused an order allowing an appeal, the court saying:

"Counsel may file their petition for appeal, which we will deny, because we consider the appeal frivolous. We will follow the Circuit Court for the Ninth Circuit in Durrant's Case, 84 Fed. 317, 322. We agree that we would better deny the appeal now, because that gives counsel an opportunity to

seasonably reach the Supreme Court or some justice thereof, or to file a petition in the state courts for a writ of habeas corpus."

A note added to the case states that an order allowing an appeal was subsequently signed by Mr. Justice Gray. When the case was considered by the Supreme Court, 183 U. S. 141, 22 Sup. Ct. 73, 46 L. Ed. 120, Mr. Justice Brewer said:

"The grounds set forth in this petition for a discharge by the federal court of the petitioner from the custody of the warden are wholly without foundation, and the case is another of the numerous instances in which, as said by Mr. Chief Justice Fuller in Craemer v. Washington State, 168 U. S. 124, 128, 18 Sup. Ct. 2, 42 L. Ed. 407, 'applications for the writ have been made, and appeals taken from refusals to grant it, quite destitute of meritorious grounds, and operating only to delay the administration of justice.' "

And in Dimmick v. Tompkins, 194 U. S. 546, 24 Sup. Ct. 781, 48 L. Ed. 1110 (A. D. 1903), Mr. Justice Peckham said:

"The appeal directly to this court from the decision of the Circuit Court denying the writ of habeas corpus was proper under the averments contained in the petition that the imprisonment of the appellant was in violation of the federal Constitution."

Inasmuch as the time fixed for the execution of the petitioner in the case now before me will have arrived within the next 24 hours, and before application for a writ of habeas corpus can be made to a Justice of the Supreme Court, and inasmuch as the Supreme Court has not intimated in any of the cases before it that a Circuit Judge has the right to refuse to allow an appeal from a judgment denying a writ of habeas corpus, and inasmuch as the inferior federal courts are divided on the question, I deem it my duty to allow an appeal in this case, notwithstanding the fact that I consider this to be another case "quite destitute of meritorious grounds and operating only to delay the administration of justice."