## HORN *v.* MITCHELL, UNITED STATES MARSHAL FOR THE DISTRICT OF MASSACHUSETTS.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE FIRST CIRCUIT.

No. 679. Argued January 11, 12, 1917.—Decided March 6, 1917.

A judgment of the District Court refusing the writ of *habeas corpus* is appealable directly to this court under § 238 of the Judicial Code if the petition raises constitutional or treaty questions.

A judgment of the Circuit Court of Appeals affirming a judgment of the District Court refusing *habeas corpus* is not appealable to this court under § 241 of the Judicial Code on the ground that constitutional and treaty questions are involved, since no pecuniary value is in controversy.

The provision made by Rev. Stats., § 764, as amended by the Act of March 3, 1885, c. 353, 23 Stat. 437, for review in this court of the appellate judgments of the Circuit Courts in *habeas corpus* cases, was necessarily repealed by the Judiciary Act of March 3, 1891 (see §§ 4, 5, 6 and 14), and § 289 of the Judicial Code abolishing the Circuit Courts.

Appeal to review 232 Fed. Rep. 819, dismissed.

THE case is stated in the opinion.

*Mr. Joseph F. O'Connell* and *Mr. Daniel T. O'Connell,* with whom *Mr. James E. O'Connell* was on the briefs, for appellant.

*Mr. Assistant Attorney General Warren* for appellee.

Memorandum opinion by MR. JUSTICE PITNEY, by direction of the court.

Appellant, being in the custody of the United States Marshal for the District of Massachusetts, under an

indictment found in that district for a violation of the
Act of May 30, 1908, c. 234, 35 Stat. 554, now §§ 232–235
of the Criminal Code, c. 321, 35 Stat. 1088, 1134, in un-
lawfully transporting explosives from New York through
Massachusetts to Vanceboro, Maine, petitioned the
District Court for a writ of *habeas corpus* upon the ground
that the order of commitment was in violation of his
rights under the Constitution and laws of the United
States and existing treaties between the United States
and the German Empire and the Kingdom of Prussia,
for that (among other reasons) appellant is an officer of
the army of the German Empire; that a state of war,
recognized by the President of the United States in an
official proclamation, exists between Great Britain and
Germany; that appellant is accused of destroying a part
of the international bridge in the Township of McAdam,
Province of New Brunswick, and Dominion of Canada;
that the charge of carrying explosives illegally upon which
he is held in custody is, if true, inseparably connected
with the destruction of that bridge; and that "he is a
subject and citizen of the Empire of Germany and domi-
ciled therein and is being held in custody for the aforesaid
act which was done under his right, title, authority, priv-
ilege, protection and exemption claimed under his com-
mission as said officer."

After a hearing, the District Court refused the writ of
*habeas corpus* and dismissed the petition, 223 Fed. Rep.
549, and an appeal to the Circuit Court of Appeals for
the First Circuit resulted in an affirmance of the judg-
ment, 232 Fed. Rep. 819. An appeal from the judgment
of affirmance to this court was then allowed.

There is a motion to dismiss the appeal, and this must
be granted. Assuming, as we do, that the petition for
*habeas corpus* raised questions involving the application
of the Constitution of the United States or the construc-
tion of a treaty made under its authority, appellant might

have taken a direct appeal from the District Court to this court under § 238, Jud. Code, Act of March 3, 1911, c. 231, 36 Stat. 1087, 1157. *Frank* v. *Mangum,* 237 U. S. 309; *Kelly* v. *Griffin,* 241 U. S. 6; *Bingham* v. *Bradley,* 241 U. S. 511. Having appealed to the Circuit Court of Appeals, he cannot bring his case here except under some provision of law allowing an appeal from that court to this. Appeals of this character are regulated by § 241, Jud. Code, 36 Stat. 1157, and are confined to cases "where the matter in controversy shall exceed one thousand dollars, besides costs." It long has been settled that the jurisdiction conferred by Congress upon any court of the United States in a case where the matter in controversy exceeds a certain sum of money, does not include cases where the rights of the parties are incapable of being valued in money, and therefore excludes *habeas corpus* cases. *Kurtz* v. *Moffitt,* 115 U. S. 487, 498; *Lau Ow Bew* v. *United States,* 144 U. S. 47, 58; *Cross* v. *Burke,* 146 U. S. 82, 88; *Whitney* v. *Dick,* 202 U. S. 132, 135; *Healy* v. *Backus,* 241 U. S. 655.

Appellant seeks to sustain his appeal under §§ 763 and 764 of the Revised Statutes.[1]    They gave a right of

---

[1] Sec. 763. From the final decision of any court, justice, or judge inferior to the circuit court, upon an application for a writ of *habeas corpus* or upon such writ when issued, an appeal may be taken to the circuit court for the district in which the cause is heard:

1. In the case of any person alleged to be restrained of his liberty in violation of the Constitution, or of any law or treaty of the United States.

2. In the case of any prisoner who, being a subject or citizen of a foreign state, and domiciled therein, is committed or confined, or in custody by or under the authority or law of the United States, or of any State, or process founded thereon, for or on account of any act done or omitted under any alleged right, title, authority, privilege, protection, or exemption, set up or claimed under the commission, order, or sanction of any foreign state or sovereignty, the validity and effect whereof depend upon the law of nations, or under color thereof.

appeal from the District Court to the Circuit Court in two classes of *habeas corpus* cases, and an appeal from the Circuit Court to this court in cases of a class that includes the present case. Section 764 was amended by Act of March 3, 1885, c. 353, 23 Stat. 437, by extending the right of appeal from the Circuit Courts to this court so as to include the remaining cases described in the preceding section. But by § 4 of the Act of March 3, 1891, establishing Circuit Courts of Appeals (c. 517, 26 Stat. 827), all appellate jurisdiction was taken from the Circuit Courts, and by §§ 5 and 6 it was distributed between this court and the Circuit Courts of Appeals. By § 14, all acts and parts of acts relating to appeals or writs of error, inconsistent with the provisions for review in §§ 5 and 6, were repealed. Section 5 preserved a direct appeal from the District Court to this court in cases involving the construction or application of the Constitution of the United States, or the validity or construction of any treaty made under its authority. In *Cross* v. *Burke*, 146 U. S. 82, 88, it was pointed out that the effect of this was that appeals from the decrees of the Circuit Court on *habeas corpus* could no longer be taken to this court except in cases of the class mentioned in the fifth section of that act. And it was so held in *In re Lennon*, 150 U. S. 393, 399.

Even were it otherwise, an appeal from the Circuit Court to this court was not the same as an appeal from the Circuit Court of Appeals to this court. And the abolishment of the Circuit Courts by § 289, Jud. Code, removed the last vestige of authority for an appeal to this court under § 764, Rev. Stats.

*Appeal dismissed.*

Sec. 764. From the final decision of such circuit court an appeal may be taken to the Supreme Court in the cases described in the last clause of the preceding section.