### In re GRAVES. In re LAYNE. In re CROWLEY.

(Circuit Court of Appeals, First Circuit. December 21, 1920.)

1. Courts ⚖405(3)—Appeal authorized to Circuit Court of Appeals in all cases in which direct appeal to Supreme Court not authorized.

Act March 3, 1891, §§ 5, 6 (Judicial Code, §§ 238, 128 [Comp. St. §§ 1215, 1120]), provides for an appeal to the Circuit Courts of Appeals from final decisions of the District Courts in all cases other than those in which appeals and writs of error may be taken direct to the Supreme Court.

**2. Habeas corpus ⊕⇒113 (3)—Appeal is matter of right, and may not be denied by court or Circuit Judge.**

Under Rev. St. § 763, and section 764, as amended by Act March 3, 1885, relative to appeals in habeas corpus cases, and Judicial Code, §§ 128, 238 (Comp. St. §§ 1120, 1215), relative to appeals to the Circuit Courts of Appeals, an appeal from an order dismissing a petition for a writ of habeas corpus is a matter of right, and may not be denied by the District Court or by a Circuit Judge on application for leave to appeal, under Judicial Code, § 132 (Comp. St. § 1124).

**3. Habeas corpus ⊕⇒113 (1)—Reviewable by appeal, and not by writ of error.**

Habeas corpus is a civil proceeding, reviewable by appeal, and not by writ of error.

Habeas corpus proceedings by one Graves, one Layne, and James D. Crowley. The petitions were dismissed (268 Fed. 1016; 269 Fed. 463; 269 Fed. 461), and petitioners apply, under section 123 of the Judicial Code to a judge of the Circuit Court of Appeals for leave to appeal. Appeals allowed.

Frederick W. Mansfield, of Boston, Mass., for petitioner Graves.

Thomas D. Lavelle, of Boston, Mass., for petitioners Crowley and Layne.

Maynard C. Teall, of Boston, Mass., for respondent Keating.

BINGHAM, Circuit Judge. These proceedings are petitions for writs of habeas corpus, brought in the District Court for the District of Massachusetts, which were heard on their merits, and in each of which an order of dismissal was entered. At the time of entering the order the judge of the District Court stated to the petitioners that he would not allow an appeal in any of the cases, either to the United States Supreme Court or to the Circuit Court of Appeals, as he regarded the petitions as without merit. He at the same time stated that he would withhold his order remanding the petitioners for a limited time, during which, if the petitioners saw fit, they might apply to a Justice of the Supreme Court or a Circuit Judge for permission to appeal.

Acting on these suggestions, application was made to me under section 132 of the Judicial Code (Comp. St. § 1124), which reads as follows:

"Sec. 132. Any judge of a Circuit Court of Appeals, in respect of cases brought or to be brought before that court, shall have the same powers and duties as to allowances of appeals and writs of error, and the conditions of such allowances, as by law belong to the justices or judges in respect of other courts of the United States, respectively."

The question presented is whether a judge of the District Court or a Circuit Judge to whom application is made under section 132 for the allowance of an appeal can decline to allow it if, in his judgment, the petition for the writ is without merit.

In Ex parte Thomas Kaine, 3 Blatchf. 1, 5, Fed. Cas. No. 7,597 (C. C. 2d Cir.), Judge Nelson, in discussing the law relating to writs of habeas corpus, said:

"But * * * the proceedings upon this writ in the federal courts are not governed by the laws and regulations of the states on the subject, but by the common law of England, as it stood at the adoption of the Constitution, subject to such alterations as Congress may see fit to prescribe (Ex parte Watkins, 3 Pet. 193; Ex parte Randolph, 2 Brock C. C. R. 447); that, according to that system of laws, so guarded is it in favor of the liberty of the subject, the decision of one court or magistrate, upon the return to the writ, refusing to discharge the prisoner, is no bar to the issuing of a second or third or more writs, by any other court or magistrate having jurisdiction of the case; and that such court or magistrate may remand or discharge the prisoner, in the exercise of an independent judgment upon the same matters."

In Ex parte Cuddy, 40 Fed. 62, 65, Mr. Justice Field, sitting in the Circuit Court for the Southern District of California, said:

"The writ of habeas corpus, it is true, is the writ of freedom, and is so highly esteemed that by the common law of England applications can be made for its issue by one illegally restrained of his liberty to every justice of the kingdom having the right to grant such writs. No appeal or writ of error was allowed there from a judgment refusing a writ of habeas corpus; nor, indeed, could there have been any occasion for such an appeal or writ of error, as a renewed application could be made to every other justice of the realm. The doctrine of res judicata was not held applicable to a decision of one court or justice thereon; the entire judicial power of the country could thus be exhausted. Ex parte Kaine, 3 Blatchf. 5, and cases there cited. The same doctrine formerly prevailed in the several states of the Union, and, in the absence of statutory provisions, is the doctrine prevailing now. In many instances great abuses have attended this privilege, which have led in some of the states to legislation on the subject."

As early as August, 1842, Congress passed an act providing for the allowance of appeals in habeas corpus proceedings. Ex parte McCardle, 6 Wall. 318, 18 L. Ed. 816. This statute was amended from time to time, and, as amended, on the adoption of the Revised Statutes of the United States in 1878, permitted appeals in such proceedings in the following cases:

"Sec. 763. From the final decision of any court, justice, or judge inferior to the Circuit Court, upon an application for a writ of habeas corpus or upon such writ when issued, an appeal may be taken to the Circuit Court for the district in which the cause is heard:

"1. In the case of any person alleged to be restrained of his liberty in violation of the Constitution, or of any law or treaty of the United States.

"2. In the case of any prisoner who, being a subject or citizen of a foreign state, and domiciled therein, is committed or confined, or in the custody by or under the authority or law of the United States, or of any state, or process founded thereon, for or on account of any act done or omitted under any alleged right, title, authority, privilege, protection, or exemption, set up or claimed under the commission, order, or sanction of any foreign state or sovereignty, the validity and effect whereof depend upon the law of nations, or under color thereof.

"Sec. 764. From the final decision of such Circuit Court an appeal may be taken to the Supreme Court in the cases described in the last clause of the preceding section."

March 3, 1885, section 764 was amended to read as follows (23 Stat. 437):

"From the final decision of such Circuit Court an appeal may be taken to the Supreme Court in the cases described in the preceding section."

By the act of March 3, 1891 (26 Stat. 826), Circuit Courts of Appeals were established, and by section 4 of that act (Comp. St. § 1646)

the appellate jurisdiction of the then existing Circuit Courts was taken away, and all appeals from the District or Circuit Courts were required to be taken to the Supreme Court and the Circuit Courts of Appeals in the manner provided in sections 5 and 6 of the act.

Section 5 of the act of 1891, as found in the Judicial Code (Comp. St. § 1215), reads as follows:

"Sec. 238. Appeals and writs of error may be taken from the District Courts, including the United States District Court for Hawaii, direct to the Supreme Court in the following cases: In any case in which the jurisdiction of the court is in issue, in which case the question of jurisdiction alone shall be certified to the Supreme Court from the court below for decision; from the final sentences and decrees in prize causes; in any case that involves the construction or application of the Constitution of the United States; in any case in which the constitutionality of any law of the United States, or the validity or construction of any treaty made under its authority is drawn in question; and in any case in which the Constitution or law of a state is claimed to be in contravention of the Constitution of the United States."

Section 6 of the act of 1891, as found in the Judicial Code (Comp. St. § 1120), reads as follows:

"Sec. 128. The Circuit Courts of Appeals shall exercise appellate jurisdiction to review by appeal or writ of error final decisions in the District Courts, including the United States District Court for Hawaii, in all cases other than those in which appeals and writs of error may be taken direct to the Supreme Court, as provided in section two hundred and thirty-eight, unless otherwise provided by law; and, except as provided in sections two hundred and thirty-nine and two hundred and forty, the judgments and decrees of the Circuit Courts of Appeals shall be final in all cases in which the jurisdiction is dependent entirely upon the opposite parties to the suit or controversy being aliens and citizens of the United States, or citizens of different states; also in all cases arising under the patent laws, under the copyright laws, under the revenue laws, and under the criminal laws, and in admiralty cases."

[1] It thus appears that the act of 1891 preserved the right to a direct appeal to the Supreme Court from the District Courts in cases in which the construction or application of the Constitution, or in which the constitutionality of any law of the United States or the validity or construction of any treaty made under its authority, was drawn in question, and provided for an appeal from the final decisions of the District Courts to the Circuit Courts of Appeals in all cases other than those in which appeals and writs of error may be taken direct to the Supreme Court. See Horn v. Mitchell, 243 U. S. 247, 250, 37 Sup. Ct. 293, 61 L. Ed. 700; Fisher v. Baker, 203 U. S. 174, 27 Sup. Ct. 135, 51 L. Ed. 142, 7 Ann. Cas. 1018.

[2] The question remains whether the right of appeal given by the foregoing statutes is absolute in case a petition for appeal, assignments of error, and a suitable bond are presented and filed within the time provided by law, or whether, notwithstanding these requirements are complied with, the court in which the petition is heard and final judgment entered may, in its discretion, decline to allow an appeal.

Judge Sawyer, sitting in the Circuit Court for the District of California, in passing upon this question as applied to section 764 of the Revised Statutes as amended by the act of March 3, 1885, held that the right of appeal to the Supreme Court of the United States in habeas.

corpus cases was absolute, and not dependent upon the discretion of the judge to allow or refuse the appeal. In re Sun Hung (C. C.) 24 Fed. 723. This matter has been also considered in the Second and Third Circuits, both as applied to section 764 of the Revised Statutes as amended by the act of March 3, 1885, and to the act of 1891, and the conclusion there reached was that the appeal given is an absolute statutory right. In re Marmo (D. C.) 138 Fed. 201.

In the case of In re Storti (C. C.) 109 Fed. 107, decided in this circuit in 1889, it appeared that the petitioner had filed a previous application for a writ of habeas corpus, that it had been denied, that an appeal had been allowed to the Supreme Court, and that it was pending there at the time the second petition for a writ of habeas corpus was presented. The second petition was denied for want of jurisdiction, and an application for an appeal to the Supreme Court was refused on the ground that it was without merit. This was done on the authority of a decision in the Circuit Court for the Southern District of California. In re Durrant, 84 Fed. 315, 317. Subsequently an application was made to Mr. Justice Gray, and the appeal was allowed. Whether the allowance was on the ground that the right of appeal was absolute, or because the appeal, in the judgment of that justice, was meritorious, is conjectural, as no reason was given.

In the Durrant Case an application for a writ of habeas corpus was dismissed in the lower court, and the judgment of dismissal was afterward affirmed by the Supreme Court of the United States. After the judgment of affirmance was entered a second application for a writ of habeas corpus was made in the Circuit Court, an order of dismissal was entered, and the judge, in his discretion, refused to allow an appeal to the Supreme Court, for the reason that the only ground for the application was an alleged irregularity of the state court in fixing a date for the petitioner's execution, and the only result would be to obstruct the execution of state laws.

In the case of McCourt v. Singers-Bigger, 150 Fed. 102, 80 C. C. A. 56, the Circuit Court for the District of Colorado entered a decree against the defendants, who appealed and gave a supersedeas bond, which was approved. The judge, however, ruled that the bond should operate as a supersedeas to stay the execution only of a part of the decree, and decreed the payment to the complainant of $24,931 out of moneys in the court, notwithstanding the appeal bond. The appellants applied to the Court of Appeals for an order restraining this payment. Judge Sanborn, speaking for the Court of Appeals for the Eighth Circuit, said:

"An appeal is a matter of right. Its allowance does not rest in the discretion of the court or judge. It may be lawfully denied only in cases in which no appeal whatever is permitted by the law. The Douro, 3 Wall. 564, 565, 18 L. Ed. 168. * * * A supersedeas, like an appeal, is a matter of right, and its allowance does not rest in the discretion of court or judge. 'It follows, as a matter of law, from a compliance by the appellant with the provisions of the act of Congress in that behalf.' Goddard v. Ordway, 94 U. S. 672, 24 L. Ed. 237; 1 U. S. Comp. St. 1901, pp. 712, 714, 716, §§ 1000, 1007, 1012. Section 1007, which provides that the defeated party may obtain the supersedeas and may give the security required by law, confers upon him the right so to do, and leaves no lawful power in the judge to refuse or dis-

regard the supersedeas when the case is appealable, the required security is given, and the other provisions of the statute in this regard are complied with. Section 1000, which directs that the justice or judge signing a citation shall take good and sufficient security that the plaintiff in error or appellant 'shall answer all damages and costs where the writ is a supersedeas and stays execution, or all costs only where it is not a supersedeas, as aforesaid,' imposes upon the justice or judge the duty to take adequate security, but it leaves to the defeated litigant the option to give such security for damages and costs, and in that way to obtain a supersedeas, or to give security for costs only, and thus to permit the judgment or decree to be executed immediately. The cases in which the writ or the appeal, as the case may be, is a supersedeas and stays execution, are determined by the provisions of the acts of Congress, and not by the opinion or discretion of the judge or justice. His only function is to determine whether or not the security offered is good and sufficient. If it is, it is his duty to take it, and upon his acceptance of it the execution of the judgment or decree is stayed. Where adequate security for damages and costs is presented in the time and manner prescribed by the statutes, the duty of the court to accept it is plain and imperative, and the law itself works the supersedeas."

In The Douro, 3 Wall. 564, 18 L. Ed. 168, Chief Justice Chase, delivering the opinion of the court, said:

"We cannot approve the conduct of the counsel who advised this appeal. An appeal is a matter of right, and, if prayed, must be allowed, but should never be prayed without some expectation of reversal. We impose penalties when writs of error merely for delay are sued out, in cases of judgments at law for damages; and if the rule were applicable to the case before us we should apply it."

In United States v. Adams, 6 Wall. 101, 18 L. Ed. 792, the court had under consideration the fifth section of the act of March 3, 1863, with reference to appeals from the Court of Claims, in which it was provided that—

"Either party may appeal to the Supreme Court of the United States from any final judgment or decree which may hereafter be rendered in any case by said court wherein the amount in controversy exceeds three thousand dollars, under such regulations as said Supreme Court may direct: Provided, that such appeal shall be taken within ninety days after the rendition of such judgment."

In considering this statute Mr. Justice Miller said:

"This language implies that taking an appeal is a matter of right, and is something which the party as distinguished from court may do. When the court has rendered its judgment 'either party may appeal'; that is, has the right to appeal, and may exercise that right by his own volition. The court cannot prevent it, nor is the right dependent upon any judicial discretion."

In Simpson v. First National Bank, 129 Fed. 257, 259, 63 C. C. A. 371, 373 (8th Circuit), Sanborn, Circuit Judge, speaking for the Court of Appeals, said:

"The right to appeal is an absolute right granted to the defeated party by the acts of Congress. No court or judge has any jurisdiction or power to condition the allowance of an appeal upon his consideration or determination of the question whether or not the applicant presents alleged errors which form reasonable grounds for the review of the decision below. That question is reserved for the consideration of the appellate court exclusively. The petitioner has the same right to the allowance of his appeal, in the absence of error or of the appearance of it, as when he presents the most conclusive reason for the belief that the decision against him was erroneous. The only question for the consideration of the court or of the judge to whom an appli-

cation for an appeal is made is the sufficiency of the security offered for the costs and damages, or for the costs alone; and if the petitioner presents satisfactory security, and prays an appeal in accordance with the statute and the rules of the courts, the duty of the court or judge to whom he presents his application is imperative to allow it. Brown v. McConnell, 124 U. S. 489, 490, 8 Sup. Ct. 559, 31 L. Ed. 495; Pullman's Palace Car Co. v. Central Transp. Co. (C. C.) 71 Fed. 809."

See, also, Randall Co. v. Foglesong Mach. Co. (C. C. A. 6th Circuit) 200 Fed. 741, 742, 119 C. C. A. 185; Southern Building & Loan Ass'n v. Carey (C. C. 1902) 117 Fed. 325, 326.

No decision of the Supreme Court or of a Circuit Court of Appeals has come to my attention in which it has been held that where the right of review in a civil cause is by appeal its allowance is subject to the discretion of the judge or court from which the appeal is taken.

[3] Habeas corpus is a civil proceeding, reviewable by appeal, and not by writ of error. Fisher v. Baker, 203 U. S. 174, 181, 182, 27 Sup. Ct. 135, 51 L. Ed. 142, 7 Ann. Cas. 1018.

If the allowance of an appeal in civil proceedings, where only property or contract rights are involved, is not subject to the discretion of the court or judge from whose decision the appeal is taken, as shown in the foregoing cases, it would seem that it could not reasonably be said that the allowance of an appeal in a habeas corpus case, where personal liberty is at stake, is subject to the discretion of the court, the right of appeal in both cases being given by the same statutory provisions. If in habeas corpus cases the right of appeal may be open to abuses, and discretionary authority vested in the court called upon to allow an appeal might in some instances be beneficial, the same would be true of the right of appeal in cases involving property rights. But in either class of cases it might, on the other hand, be said that if the right were discretionary with the court the resultant harm might be greater than the benefit.

The alleged abuse of the right of appeal in habeas corpus proceedings has been under discussion at various times in the federal courts, and must long before now have come to the attention of Congress; but down to the present time that body has manifested no disposition to limit the right of appeal in such cases except where "the detention complained of is by virtue of process issued out of a State court," in which case "no appeal to the Supreme Court shall be allowed unless the United States court by which the final decision was rendered or a justice of the Supreme Court shall be of opinion that there exists probable cause for an appeal" (Act of March 10, 1908, 35 Stat. c. 76 [Comp. St. § 1293]), and until Congress takes such action the courts should enforce the statutes as they stand without undertaking to limit them by judicial construction.

The act of March 10, 1908, has no application to these cases, as the petitioners are not detained by virtue of process issued out of a state court and the appeals sought are not to the Supreme Court of the United States.

The appeals in these cases will be allowed, upon the filing of petitions, assignments of error, and suitable bonds.[1]

---

[1] The appeals were abandoned after allowance.