**McCORD v. PAGE, Provost Marshal of Brooks Field.**

No. 10057.

Circuit Court of Appeals, Fifth Circuit.

Dec. 8, 1941.

Fred H. Woodard, of Corpus Christi, Tex., for appellant.

Ben F. Foster, U. S. Atty., of San Antonio, Tex., for appellee.

Before HUTCHESON and HOLMES, Circuit Judges, and DAWKINS, District Judge.

HOLMES, Circuit Judge.

This appeal is from a judgment dismissing the petition of Joe L. McCord for a writ of habeas corpus. The questions for our decision are whether or not the court below committed reversible error (1) in failing to hear evidence on the petition in the presence of the petitioner, and (2) in refusing to issue the writ.

The petition alleged that McCord had voluntarily enlisted in the military forces of the United States; that subsequent to his enlistment he had become an ordained minister in the Watch Tower Bible and Tract Society; that the tenets of his religion were incompatible with certain of his military duties; that the performance of those duties would do violence to his religious convictions and his conscience; and that his continued service in the army would result in humiliation, dishonor, and disgrace to him and to the military department. By colloquy between the court and counsel for the petitioner, it was determined that the military duties complained of as violative of the doctrines of McCord's religious faith were his duty to salute his superior officers and to salute the flag of the United States.

Section 755 of the Revised Statutes of the United States, 28 U.S.C.A. § 455, provides that the court to which an application for the writ of habeas corpus is made shall award the writ, unless it appears from the petition itself that the petitioner is not entitled thereto. The provision of the statute relating to judgment on the petition is susceptible to, and uniformly has been given, but one construction. Power is thereby vested in the judge or court to refuse to issue the writ if the petition therefor discloses that the prisoner is not entitled to his discharge.[1] In such cases it is not necessary to take evidence, and the prisoner is not entitled to appear in person at the hearing of the application.[2] The procedure taken by the court below was proper, and, if the petition affirmatively disclosed that McCord was not entitled to the writ, the judgment must be affirmed.

We think the court below properly declined to exercise jurisdiction upon the petition. Appellant voluntarily en-

[1] Terlinden v. Ames, 184 U.S. 270, 22 S.Ct. 484, 46 L.Ed. 534; Frank v. Mangum, 237 U.S. 309, 332, 35 S.Ct. 582, 59 L.Ed. 969; Horn v. Mitchell, D.C., 223 F. 549; Id., 1 Cir., 232 F. 819; Id., 243 U.S. 247, 37 S.Ct. 293, 61 L.Ed. 700; Filer v. Steele, D.C., 228 F. 242; Id., 241 U.S. 648, 36 S.Ct. 550, 60 L.Ed. 1220; United States v. Brown, 8 Cir., 281 F. 657; Mothershead v. King, 8 Cir., 112 F.2d 1004.

[2] Ex parte Yarbrough, 110 U.S. 651, 4 S.Ct. 152, 28 L.Ed. 274; Ex parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868; In re Lewis, C.C., 114 F. 963; Murdock v. Pollock, 8 Cir., 229 F. 392; Kelly v. Johnston, 9 Cir., 99 F.2d 582, certiorari denied 305 U.S. 597, 59 S.Ct. 96, 83 L.Ed. 378.

listed in the military forces. No invalidity in the enlistment is claimed, and an enforceable contract between the soldier and the United States was created thereby.[3] He was fully aware of the duties and responsibilities he thereby assumed, and from which he now asks to be released. Uniquely essential to successful military operations, "no question can be left open as to the right to command in the officer, or the duty of obedience in the soldier."[4]

Military regulations requiring a soldier to salute his superior officers and his flag are not intended to interfere with religious liberties, and the enforcement of the regulations by a proper military tribunal does not violate the Constitution of the United States.[5] A soldier engaged in serving the period in the army for which he has voluntarily enlisted cannot obtain his release from the military service by writ of habeas corpus. His detention results from the enforcement of a valid contract and is not unlawful.[6]

The judgment appealed from is affirmed.

---

[3] In re Grimley, 137 U.S. 147, 11 S.Ct. 54, 34 L.Ed. 636; Ex parte Beaver, D. C., 271 F. 493.

[4] Mr. Justice Brewer in In re Grimley, 137 U.S. at page 153, 11 S.Ct. at page 55, 34 L.Ed. 636.

[5] Minersville School District v. Gobitis, 310 U.S. 586, 60 S.Ct. 1010, 84 L.Ed. 1375, 127 A.L.R. 1493.

[6] In re Grimley, supra; Ex parte Hubbard, C.C., 182 F. 76; Ex parte Dostal, D.C., 243 F. 664; Ex parte Beaver, D.C., 271 F. 493.