**In re RYAN.**

**No. 993.**

District Court, E. D. Pennsylvania.

Dec. 24, 1942.

For prior opinion, see 47 F.Supp. 10.

Michael Francis Doyle and John J. McDevitt, Jr., both of Philadelphia, Pa., for petitioner.

Arthur Littleton and Thomas B. K. Ringe, of Morgan, Lewis & Bockius, all of Philadelphia, Pa., for respondent.

BARD, District Judge.

This matter arose on a petition for a writ of habeas corpus to secure the release of William Ryan from confinement in the Institute of Mental Hygiene in Philadelphia, Pennsylvania. After hearing, I decided that since the detention of Ryan was pur-portedly made pursuant to the provisions of the Pennsylvania Mental Health Act of 1923, 50 P.S. §§ 1–213, and since that Act provided complete and adequate redress to persons alleged to be wrongfully detained thereunder, there were no such exceptional circumstances present as to warrant the exercise of the jurisdiction of the federal courts in a habeas corpus proceeding. Accordingly, I denied the petition and dismissed the writ. In re Ryan, D.C., 47 F. Supp. 10.

The petitioner's motions and reasons for new trial or rehearing call for little additional discussion. The petition contained no specific allegation of the ground upon which federal jurisdiction was invoked. As one reason for a new trial, petitioner urges that there was error in my failure to make a finding of fact as to the diversity of citizenship of the parties. Such a finding was unnecessary because it is settled that jurisdiction of the federal courts in habeas corpus proceedings cannot be sustained on this ground, since the rights of the parties in a habeas corpus proceeding are incapable of being valued in money and hence the requisite jurisdictional amount cannot be shown. Kurtz v. Moffitt, 115 U.S. 487, 6 S.Ct. 148, 29 L.Ed. 458; Horn v. Mitchell, 243 U.S. 247, at page 249, 37 S.Ct. 293, at page 294, 61 L.Ed. 700, at page 702, in which the Supreme Court said: "It long has been settled that the jurisdiction conferred by Congress upon any court of the United States in a case where the matter in controversy exceeds a certain sum of money does not include cases where the rights of the parties are incapable of being valued in money, and therefore excludes habeas corpus cases."

I have considered petitioner's argument that under the Civil Rights Act of 1871, 17 Stat. 13, 8 U.S.C.A. § 43, he is entitled to the redress sought in the present action, but, after consideration thereof, find nothing therein to cause me to change my former conclusions.

Motion for new trial or rehearing denied.