**Gus PAPPAS, Petitioner,**

v.

**Raymond J. BUCHKOE, Warden State House of Correction and Branch Prison, Marquette, Michigan, Respondent.**

Civ. A. 630.

United States District Court
W. D. Michigan, N. D.

Nov. 12, 1957.

Gus Pappas, in pro. per.

Perry Maynard, Asst. Atty. Gen., State of Michigan, for respondent.

KENT, District Judge.

In this action the following papers have been filed. Petitioner filed a complaint, the respondent filed a motion to dismiss, the petitioner filed a reply to respondent's motion to dismiss, the respondent filed a traverse to petitioner's reply to motion to dismiss, and the petitioner filed a reply to respondent's traverse to petitioner's reply to respondent's motion to dismiss. While we might be able to excuse the petitioner, a layman, for his failure to comply with the provisions of Rule 7(a) of the Rules of Federal Procedure, 28 U.S.C.A.—

"There shall be a complaint and an answer; and there shall be a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if leave is given under Rule 14 to summon a person who was not an original party; and there shall be a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer."

We know of no reason why the Attorney General of the State of Michigan should indulge in an exchange of replies and traverses as has been done in this case, and in the future this Court is of the opinion that this practice of filing responsive pleadings not permitted by the Rules is one in which the Attorney General of Michigan should not indulge.

By this action the petitioner seeks a writ of Habeas Corpus. He is presently confined in the Michigan Branch Prison at Marquette, Michigan, which institution is under the jurisdiction of the respondent. The petitioner believes it to be the jurisdiction of this Court to consider his application upon the diversity of citizenship which exists between the petitioner, who is a citizen of Greece, and the respondent, who is a resident and citizen of the State of Michigan.

Petitioner sets forth several grounds in support of his theory that he is wrongfully incarcerated by the respondent. In substance he claims that he and one Alfred Awn, who were charged in separate informations, were tried together, contrary to the Statutes of the State of Michigan relating to the consolidation of criminal cases for trial.

Petitioner further alleges in other papers on file that the testimony of the witness, Norman Fallowfield, was per-

jured, and that said witness is now willing to recant his testimony. That said witness will now testify that he was coached, that his testimony was false, that the coaching was done by the Prosecuting Attorney and the Police Department.

The motion to dismiss filed by the respondent is based upon two theories (1) that the petitioner has not exhausted his remedies in the state courts, and (2) that no federal question is involved.

According to the papers on file, as an exhibit, the petitioner filed an application for leave to appeal his conviction to the Supreme Court of Michigan. This petition was denied. The application for leave to appeal, of which a copy, certified by the Clerk of the Supreme Court of Michigan, is on file in this cause, recited that prejudicial error was committed by the trial court in the following particulars:

"1. That the Court allowed, over objections, testimony and reference to a certain Cadillac car, alleged to belong to one Edward Martino, without any proper foundation having been laid, which in any way connected the said automobile with the respondents.

"2. Because the Court, after the respondent Alfred Awn had failed to take the witness stand or to testify in his own behalf, allowed the fact of this failure of Awn to take the witness stand and deny certain portions of the testimony connecting him with the offense with which he was charged, to influence the Court's decision.

"3. Because the Court allowed Mary Martino, the wife and widow of Edward Martino, at one time charged as a joint respondent along with these respondents and appellants, to testify to certain conversations which were inadmissible because of the fact that Edward Martino was the husband of the witness, Mary Martino, and was a joint defendant with the respondents and the witness, Mary Martino was under the wife's disability in the matter of testifying against her husband and respondents and appellants."

The reasons which petitioner now advances were not included in the application for leave to appeal and the Supreme Court of Michigan has had no opportunity to pass upon these issues.

■ It is well settled law that a habeas corpus proceeding in an United States District Court to test the legality of the confinement of a prisoner under a state court conviction cannot present questions to the Federal Court which have not been previously presented in the highest appellate court of the state by proper procedure. Porch v. Cagle, 5 Cir., 199 F.2d 865, Woollomes v. Heinze, 9 Cir., 198 F.2d 577, certiorari denied 344 U.S. 929, 73 S.Ct. 499, 97 L.Ed. 715.

■ In addition, before the petitioner may be deemed to have exhausted his state court remedies, he must make proper application for the proper remedy to the highest court of the state and after denial of relief therein he must make application to the United States Supreme Court for a Writ of Certiorari to review such denial by the highest court of the state. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348; Ex Parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572.

■ It is the theory and claim of the petitioner that he is not bound by the provisions of 28 U.S.C.A. § 2254, which provides—

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either in absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

because of the diversity of citizenship which exists between the petitioner and the respondent. There are few decisions on this point but this court holds with In Re Ryan, D.C., 47 F.Supp. 1023, wherein the court said—

"As one reason for a new trial, petitioner urges that there was error in my failure to make a finding of fact as to the diversity of citizenship of the parties. Such a finding was unnecessary because it is settled that jurisdiction of the federal courts in habeas corpus proceedings cannot be sustained on this ground, since the rights of the parties in a habeas corpus proceeding are incapable of being valued in money and hence the requisite jurisdictional amount cannot be shown. Kurtz v. Moffitt, 115 U.S. 487, 6 S.Ct. 148, 29 L.Ed. 458; Horn v. Mitchell, 243 U.S. 247, at page 249, 37 S.Ct. 293, at page 294, 61 L.Ed. 700, at page 702, in which the Supreme Court said: 'It long has been settled that the jurisdiction conferred by Congress upon any court of the United States in a case where the matter in controversy exceeds a certain sum of money does not include cases where the rights of the parties are incapable of being valued in money, and therefore excludes habeas corpus cases.'"

This court is satisfied that the existence of diversity of citizenship between the parties hereto does not confer jurisdiction upon this court, and therefore the Court cannot consider the petitioner's application for Writ of Habeas Corpus until and unless the petitioner has, by appropriate remedies, exhausted his rights before the highest appellate court of the State of Michigan.

The motion to dismiss is granted. An order may be entered accordingly.